## TOMCHANY *v.* TOMCHANY.

[No. 19,600. Filed October 4, 1962.]

*Frank Ryan,* of Danville, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Ben M. Scifres* and *Scifres & Hollingsworth,* of Lebanon, for appellee.

COOPER, P. J.—This matter comes to us from the Boone Circuit Court wherein the trial court granted the appellant herein a divorce upon her amended complaint; also, awarded her certain personal property, alimony and attorneys' fees. As part of the judgment, the trial court also ordered the appellant to convey to the appellee all other jointly-held property, both real and personal, in settling the property rights of the parties.

Thereafter, within the time allowed, the appellant filed the usual motion for a new trial, said motion, omitting the formal caption, reads as follows:

"1. That the decision of the Court is not sustained by sufficient evidence.

"2. That the decision of the Court is contrary to law.

"3. That the plaintiff in this cause was entitled to recover alimony, and did so recover, but was awarded substantially less recovery than the facts in evidence, than she was entitled to.

"4. That the Court erred in admitting evidence over the objection of the plaintiff; the evidence by Howard Simmons, who testified as to the value of Lucky's Trailer Court, owned by the parties hereto."

The error assigned is the overruling of the motion for new trial.

Under the motion for new trial and the assigned error, we believe the appellant has presented three questions for our determination, namely: Did the trial court abuse his discretion in permitting the witness, Howard Simmons, to testify as to his opinion as to the value of the "trailer court" owned by the parties; also, did the trial court err in adjusting the property rights of the parties without identifying the property specifically, and did the trial court abuse his discretion in determining the particular amount of alimony he awarded to the appellant herein?

A review of the record reveals a concise recital of the partial, pertinent evidence of the said Howard Simmons is: Lives on West Tenth Street in Hendricks County and operates Broad Acres Mobile Home Park. Has had experience in dealing and fixing up such parks since 1946. Has been connected with State Board of Health as chairman of advisory board on mobile home mapping. Tomchany court is one mile south and mile west of his court, and is called Lucky Courts. When Tomchany was on vacation a little over a year ago had occasion to do some work in his park and became familiar with set up and operation. The railroad tracks are at rear, and they have built large switch yard costing 17 million where all cars are switched, and this is at rear of property at south end. The Board of Health regulations are stringent and in order to get license to operate park, regulations must be met, and they will give six months time to qualify and beyond limit they will refuse license and halt operations and one of things noticed about Tomchany court was sewage handling problem which because of terrain it is going to pre-

sent serious problem because water must go into some stream and there is none in that area. He has no sewage plant, and there must be a sewage plant, a water carrying type. It won't be a matter of development it will be a matter of continuing operation, and he must be equipped to handle sewage. There are 56 lots and rest of land has not been developed. Fixed valuation of trailer park at approximately forty thousand ($40,000.00) dollars.

It is the general rule of law that, "There is and can be no fixed standard as to the amount or kind of knowledge required to classify any witness as an expert, but if he is shown to have such knowledge as to render him competent to give an opinion on the matter before the court, he will be considered an expert." Lowe's Revision of Works and Practice and Pleading, 4th Edition, Vol. 3, §48.18, p. 185, and authorities cited therein.

We believe after carefully studying the evidence of the witness Simmons that said evidence contained sufficient information to render competent the testimony of this witness.

A similar question was before this court in the case of *Fox et al.* v. *Cox et al.* (1898), 20 Ind. App. 61, 63, 50 N. E. 92, wherein we find this court made the following statement:

> "It is not necessary that a witness should be an expert before testifying in such a case. The extent of a witness' knowledge before being permitted to testify as to values is within the discretion of the trial court, and it is only where there is a total lack of such knowledge, or there is a palpable abuse of discretion, that the appelate tribunal will interfere. It is shown the witnesses had some knowledge of the subject-matter, and of the particular property. The record shows

they were competent to testify, the weight of their testimony was for the court.

> "The extent of a witness' knowledge of the subject-matter about which he testifies ■ as to values, goes to the weight of his testimony and not to its competency."

In our opinion, there was no error in overruling the appellant's objection and permitting the witness Simmons to testify as to the present value of the said trailer park.

The appellant further contends that the court erred in attempting to adjust the property rights of the parties in awarding the property held as tenants by the entireties to the defendant, and a major part of the personal property held jointly without identifying it in any manner.

Construing the foregoing to be two contentions, we shall answer both, as we do not believe there is any merit to either of them. First, in the recent case of *Nagel* v. *Nagel* (1960), 130 Ind. App. 465, at 470, 165 N. E. 2d 628, we find the following statement:

> "In a divorce action all property rights connected with the marriage are to be settled. *Behrley* v. *Behrley et al.* (1883), 93 Ind. ■ 255; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114. The court not only has the power to so act, but the exercise of that power is mandatory. Burns' 1946 Replacement, §3-1217; *Smith* v. *Smith et al.* (1953) 124 Ind. App. 343, 115 N. E. 2d 217. The court has broad discretion in deciding the property rights of the litigants in a divorce proceeding and an abuse of a judicial or sound discretion must be shown before there can be a reversal. *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560; *Wallace* v. *Wallace* (1952), 123 Ind. App. 544, 110 N. E. 2d 514; *McHie* v. *McHie* (1938), 106 Ind. App. 152, 16 N. E. 2d 987." See, also, *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N. E. 2d 70.

Furthermore, the appellant has failed to point out where the failure of the trial court, in his judgment, to more specifically identify the major part of the personal property jointly held and awarded to the appellee was prejudicial to the appellant or that the appellant ever filed a motion to modify said judgment to correct the alleged shortcoming.

The failure to file a motion to modify is fatal to this contention of the appellant. See §§1781 and ■ 1782, Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, and authorities cited.

The remaining question we are asked to pass upon by the appellant herein is: Under the evidence in the record of the matter now before us, did the trial court abuse its judicial discretion in adjusting the property rights of the parties?

It is true that decisions of trial courts relative to property rights, alimony and/or other allowances are always reviewable to determine whether or not ■■ there was an abuse of judicial discretion, but such matters are reviewable only for that purpose. We do not believe it necessary to cite authority that this court on review will not weigh the evidence to determine where the preponderance lies, but will consider only the evidence most favorable to the appellee and that it is incumbent upon the appellant to show a clear abuse of judicial discretion.

In the case of *Buckner* v. *Buckner* (1958), 128 Ind. App. 654, 152 N. E. 2d 97, in discussing judicial discretion, this court stated, in substance, that discretion lodged in trial courts as a guide to judicial action in adjusting property rights of parties in divorce actions is a judicial discretion and involves, in a legal sense, exercise by the court, not arbitrarily, willfully,

or passionately, of an official conscience on all the particular facts and circumstances of the subject litigation in the light of and with regard to what is right and equitable under the law applicable thereto and to the end of a just result.

In attempting to prove the trial court's abuse of judicial discretion, the appellant seeks to have us consider matters which are not in the record. This, of course, we cannot do.

Bearing in mind that the trial court, having the parties before it in arriving at its conclusions, may have observed many things which were not and could not be made a part of the record now before us, and, therefore, could not be apparent to us on review.

After carefully reviewing the record now before us, we have carefully reviewed each of the errors attempted to be urged by the appellant, and bearing in mind all presumptions must be resolved in favor of the judgment of the trial court, we find no substantial error; therefore, the judgment of the trial court is, in all things, affirmed.

Ax, J., Myers, J., Ryan, J., concur.

NOTE.—Reported in 185 N. E. 2d 301.