VON PEIN *v.* VON PEIN.

[No. 19,902. Filed July 23, 1964.]

*Steers, Klee, Jay & Sullivan* and *David L. Millen,* of counsel, both of Indianapolis, for appellant.

*Money, Orr, Bridwell & Fink, Robert V. Bridwell,* of Indianapolis, and *Griffis, Griffis & Cox,* of Richmond, for appellee.

RYAN, J.—The appellee filed her petition for divorce against the appellant alleging the statutory ground of cruel and inhuman treatment. Appellant filed an answer thereto under Rule 1-3, and a cross-petition alleging that appellee had been guilty of cruel and inhuman treatment toward the appellant. Trial was had by the Superior Court of Wayne County, and such court rendered a finding and judgment for the appellee, granting to her an absolute divorce, custody of minor children, and providing for the disposition and settlement of the property of the parties. Appellant filed his motion for a new trial alleging that the decision of the court was not sustained by sufficient evidence and was contrary to law, and that the assessment of the amount of recovery of property by the petitioner was erroneous in that it was too large. The trial court overruled such motion, and this appeal followed, the assignment of error being based on the overruling of appellant's motion for a new trial.

The main contention of the appellant is that the evidence submitted to the trial court cannot sustain the statutory allegation of cruel and inhuman treatment.

Each of these cases must be decided upon its own particular facts and circumstances, and no hard and fast rule can be specifically enumerated as to what constitutes cruel and inhuman treatment. In *Bone* v. *Bone* (1962), 132 Ind. App. 630, 632, 179 N. E. 2d 584, this court, speaking through Myers, J., held:

> "We shall consider the evidence most favorable to appellee to determine whether or not the evidence and all reasonable inferences deducible therefrom support the finding that appellant was guilty of cruel and inhuman treatment toward appellee. If there is any substantial evidence of probative value to sustain the finding and decision of the trial court, the judgment must be affirmed. *Mitchell* v. *Mitchell* (1956), 126 Ind. App. 377, 133 N. E. 2d 79; *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810."

We do not feel it necessary to go into detail concerning the particular evidence submitted to the trial court. As is usual in these cases, such testimony was of a conflicting nature and from the evidence favorable to the appellee the trial court could have found conduct on the part of appellant which destroyed the legitimate ends and objects of the marriage.

Appellant further contends that upon the granting of the divorce the real estate of the parties which was held as tenants by the entireties became by operation of law a tenancy in common, to which the respective parties were entitled to their respective shares, and that thus the wife should be placed in the position she would be placed in if she were widowed, and that therefore the trial court abused its

discretion in awarding to her that portion of the real estate in excess of her one-half share and one-third of the husband's one-half share which she would receive if appellant predeceased her. In divorce proceedings the trial court has broad powers in adjusting the property rights of the parties, and such action will not be disturbed unless it is apparent that there has been an abuse of such discretion. Again, each case depends upon its particular facts, and the trial court should take into consideration the financial status of the husband, his ability to earn a living, his conduct, and the wife's separate estate. We see no reason to follow the mandatory ruling as contended for by the appellant. To do so would automatically eliminate the discretion of the trial court to consider each case upon its merits and upon its particular factual situation.

In this instance we do not feel warranted to state that the trial court did in fact abuse its discretion in the settlement of the property rights between the parties.

There being no error, the judgment is affirmed.

Judgment affirmed.

Faulconer, P. J., and Carson and Cooper, JJ., concur.

NOTE.—Reported in 200 N. E. 2d 230.