## HOLST v. HOLST.

[No. 20,284. Filed December 3, 1965. Rehearing denied January 14, 1966. Transfer denied December 6, 1966.]

*Edgar A. Grimm,* of Kendallville, and *Howard S. Grimm, Sr.,* of Auburn, for appellant.

*Leroy K. Schultess,* of LaGrange, and *F. L. Wiltrout,* of Elkhart, for appellee.

CARSON, J.—This appeal comes to us from the Elkhart Circuit Court from a judgment wherein the court granted a divorce to the plaintiff, the appellant herein, and an alimony judgment in the amount of $9,610.00, and awarding to her all possession of furniture, household goods and appliances located on a certain piece of real estate which was known as the home place, and a Pontiac automobile which was then in the possession of the appellant. The appellee was awarded all the real estate owned by the parties in fee simple, and the wall to wall carpets and cabinets situated in the house located on the farm commonly known as the home place.

Our consideration of this appeal is upon the appellant's brief and the appellee's answer brief. It is the opinion of the Court that the briefs adequately presented the questions for the court's consideration and appellant's failure to appear for the argument did not prejudice the appellant's appeal. We shall proceed to discuss and dispose of the points raised by the appellant's brief.

The motion for new trial presents 11 points, some of which we shall discuss collectively. Points 1, 4, and 5 are based upon the sufficiency of the evidence. This, being an appeal ██ in part from a negative judgment, presents no question for our consideration. Points 2 and 3 assign that the decision of the court is contrary to law and present for our consideration the important question of whether or not, considering all the evidence favorable to the appellee and reasonable inferences which might be drawn therefrom, reasonable minded men would have arrived at a different result. Points 6, 7, 8, 9 and 10 raise the question of the exercise of the discretion by the trial court in fixing the amount of alimony and settling the property rights between the parties. Point 11 attempts to raise the proposition of after discovered evidence of which plaintiff claims no knowledge at the time of the trial. Plaintiff attached an affidavit to the motion for new trial seeking the granting of such motion on the proposition covered by the affidavit.

The appellant also filed a motion to modify the judgment and requested an allowance of counsel fees and court costs on appeal. This motion was overruled by the trial court. The appellant assigned two errors, first that the court erred in overruling the appellant's motion for new trial and second, that the court erred in overruling plaintiff's motion to modify the judgment and for counsel fees and court costs on appeal. We shall consider the errors in the order they are assigned.

The pertinent sections of the Indiana statute concerning the trial court's authority to grant alimony and to settle property rights are §§ 3-1217 and 3-1218 and read in part as follows:

> "3-1217 [1110]. Alimony.—The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper; and such decree for alimony, heretofore made or hereafter made, shall be valid against the husband, whether asked for in the petition or given by the judge on default."

"3-1218 [1111]. Alimony-Entry of judgment-Method of payment-Effect upon real property.—The court shall fix the amount of alimony and shall enter a judgment for such sum, and specify the character and method of payment, which in his discretion he deems to be just and proper under all of the evidence, including any valid separation agreement which may have been introduced into evidence. In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and may order the transfer of property as between the parties, whether real, personal or mixed and whether title at the time of the trial is held by the parties jointly or by one of them individually. . . ."

In considering many cases appealed to the Supreme Court and to this court it has been repeatedly held that the question of the amount of alimony to be decreed or the adjustments of property rights in any case are a matter of judicial discretion within the province of the trial court and such discretion will not be interfered with unless an abuse is clearly shown. *Tomchany* v. *Tomchany* (1962), 134 Ind. App. 27, 185 N. E. 2d 301 and *Dissette et al.* v. *Dissette* (1935), 208 Ind. 567, 196 N. E. 684. The question of whether or not there was an abuse of discretion must be apparent on the face of the record and it is incumbent upon the appellant to show that there has been such an abuse of discretion *Tomchany* v. *Tomchany,* supra.

The record in this case shows a conflict in the evidence before the trial court. There were seven different witnesses, including the appellant and the appellee, who testified as to the value of the real estate, and five witnesses, including the appellant and the appellee, who testified as to the value of the personal property. The record discloses that there was a great difference in value between the properties owned by each of the parties individually at the time of their marriage and, as pointed out above, conflicting testimony concerning the value of the property at the time of the divorce. All of this evidence was before the trial court. The trier of the fact had an opportunity to hear the witnesses

testify, to determine their qualifications and pass upon their credibility. It is not for us to say that the trial judge did not properly weigh the evidence in evaluating the disposition of the property rights and entering the alimony order on behalf of the plaintiff-appellant. We cannot say that the appellant has demonstrated such an abuse of discretion on the part of the trial court as would justify reversal in this case.

We come now to the second assignment of error namely the question on the motion to modify the judgment and to provide for attorney's fees on the appeal. The appellant having failed to brief and support this assignment by cogent argument and application of authorities as required under the provisions of rule 2-17 of the Supreme and cases interpreting said rule, the same is waived.

Judgment affirmed.

Prime, C.J., Wickens, J. and Faulconer, J., concur.

NOTE.—Reported in 212 N. E. 2d 26.