## GRANT v. GRANT.

[No. 20, 656. Filed October 20, 1967. Rehearing denied November 30, 1967. Transfer Denied January 23, 1968.]

*Bloom & Bloom* and *William M. Bloom,* of Columbia City, for appellant.

*Gates, Gates & McNagny* and *Phil M. McNagny, Jr.,* of Columbia City, for appellee.

COOPER, J.—This is an appeal from the Whitley Circuit Court wherein the Appellant was the plaintiff below and the Appellee was the defendant and cross-complainant. After the submission of the cause and at the conclusion of all the evidence, the trial court entered the following finding and judgment:

"The Court having heretofore heard the evidence in the cause herein together with the argument of counsel, and having taken said matter under advisement, now finds for the plaintiff and that the allegations of her complaint are true and that she is entitled to a decree of divorce from the defendant.

"The Court further finds that the plaintiff is suitable and proper person to have the care, custody and control of the minor child of the parties, namely Jerome Grant, born October 3, 1957, and that she is entitled to an allowance for the care and support of said child and that she is entitled to recover attorney fees and costs laid out and expended herein.

"The Court further finds the plaintiff is entitled to alimony, and that she is the owner of all personal property now in her possession including any and all coins, except a pair of binoculars which belongs to the defendant; that she is the owner of a Polaroid camera at Wolf & Dessaur, Fort Wayne, Indiana; that the defendant is the owner of all personal property now in his possession located at Crooked Lake, Whitley County, Indiana except an antique chest and six serving bowls in the small cottage; the defendant is owner of all personal property located at Columbia City, Indiana, including all coins, fixtures and furnishings of the C.C. Coin Shop; that the defendant is the owner of the automobile now in his possession; one-half interest in a Riviera Cruiser; that the defendant is the owner of any and all golf carts he may have purchased; that the defendant is the owner of all real estate now in the names of the parties; that the defendant is entitled to visitation and

temporary custody privileges of the child of the parties; that the defendant should maintain and keep current the premimum payments on all insurance policies which either he or the plaintiff now own and were heretofore purchased for and/or on behalf of the child of the parties, and that the proceeds of said policies be used for the college education of said child, and if said child does now (sic) attend college then the proceeds of said policies be turned over to said child upon his reaching the age of 21 years; that the defendant provide the cost of educating said child beyond the 12th year for a period of four years providing his maintaining the scholastic average necessary to remain in the college which he attends; that the defendant turn over to the plaintiff all coins belonging to Jerome Grant to be held for said child.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore existing between the plaintiff and the defendant be and the same are hereby dissolved and the plaintiff is granted an absolute divorce from the defendant.

"It is further ordered that the plaintiff have the care, custody and control of Jerome Grant, born October 3, 1957, subject to the right of the defendant to visit said child on Wednesday evenings between the hours of 4:00 p.m. and 8:00 p.m., beginning May 15, 1966; and the defendant shall have the temporary custody of said child for two weeks during the summer months of the defendant's vacation, and during Christmas vacation beginning Christmas morning at 10:00 A.M., for a period of four days every other year beginning with the year 1966, provided this does not interfere with said child's school education; that the defendant shall have the right to have custody of said child on said child's birthday between the hours of 4:00 and 8:00 p.m. every other year beginning with the year 1966; that all of defendant's visitation and custody privileges shall be conditioned upon the defendant being with said child at all times and when the defendant is not working.

"It is further ordered that the defendant pay to the Clerk of the Whitley Circuit Court the sum of $25.00 on or before May 14, 1966, and each Saturday thereafter for the use of the plaintiff in the maintenance and support of said child; that the defendant pay all medical, dental and hospital expenses for said child.

"It is further ordered that the defendant pay over to William Bloom, plaintiff's attorney, on or before May 30, 1966, the sum of $1700.00, the balance of said attorney fees due to said attorney.

"It is further ordered that the four paid-up annuity policies of insurance on defendant's life issued by the Franklin Life Insurance Company, and the policy on Jerome Grant's life issued by the Ohio State Life Insurance Company No. 402920, and the policy on Jerome's life issued by the New York Life Insurance Company, No. 26948438, be held and used for Jerome Grant upon his reaching the age of 21 years if he should not attend college. In case the defendant Walter Grant should not live until the aforesaid Ohio State and New York Life policies are paid in full said premium payments shall be a charge against the estate of Walter Grant; that any and all necessary college expenses for four years, not covered by the benefits from the aforesaid Life Insurance policies, shall be paid by the defendant so long as said child remains in college. That the proceeds from said policies shall be turned over to said child at age 21, if he does not attend college.

"It is further ordered that the plaintiff is the owner of all personal property now in her possession, including all coins, and the Polaroid Camera at Wolf & Dessauer, Fort Wayne, Indiana, except a pair of binoculars which the plaintiff shall turn over to the defendant.

"It is further ordered the defendant is the owner of all personal property now in his possession at Crooked Lake, except an antique chest and six serving bowls in the small cottage; that the defendant is the owner of all coins and furniture and fixtures of the C.C. Coin Shop, and that he is the sole owner of the said business and of any and all real estate in the names of the parties, and the plaintiff is orded to execute a quit-claim deed to the defendant for said real estate; that the defendant is the owner of all the golf carts he may possess, any interest in a Riviera Cruiser he may have, and automobile in his possession.

"It is further ordered that all coins now in the possession of the defendant belonging or which may have been given to the child of the parties shall be turned over to the plaintiff to be held or used for the benefit of said child.

"It is further ordered, adjudged and decreed, that the plaintiff have and recover of and from the defendant the sum of $20,000.00 alimony; the said judgment of alimony payable in gross upon the plaintiff executing quit-claim deeds for her interest in any real estate now in the names of the parties.

"It is further ordered the plaintiff have and recover her costs paid, laid out and expended."

Thereafter, the Appellant filed a motion for a new trial which alleged, in substance, that the decision of the court was not sustained by sufficient evidence, and that the decision of the court was contrary to law. The motion for new trial was overruled and the sole assignment of error on appeal to this court is the overruling of the motion for new trial.

Since this is an appeal in part from a negative judgment against the plaintiff-appellant, the assignment of error that the decision is not sustained by sufficient evidence presents no question for our consideration. *Daisy Holst* v. *Henry Jack Holst* (1965), 139 Ind. App. 683, 212 N. E. 2d, 26, 7 Ind. Dec., 199; *Helen J. Scott* v. *Robert E. Scott* (1965), 140 Ind. App. 320, 209 N. E. 2d, 49, 6 Ind. Dec. 94.

This leaves for our consideration the question of whether, under the evidence, the court's finding and judgment was contrary to law. The Appellant is not contesting the portion of the judgment granting the divorce, but solely the portion of the judgment concerning the amount of alimony and property that the trial court set over to her.

This court has stated many times that in divorce cases the trial court has not only the power but the statutory duty to adjust and adjudicate the property rights of the parties involved. While the adjusting of property rights between the parties is the mandatory duty of the trial court, in so doing, it has broad discretionary powers, and the awarding of alimony is solely within the court's discretion. The court may also transfer property as between the parties, whether it be real, personal or mixed, and whether title at the time of the trial is held by the parties jointly or by one of them individually. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 103, 173 N. E. 2d, 70; *Proctor* v. *Proctor* (1955), 125 Ind. App. 692, 125 N. E. 2d, 433. See also, Burns' Indiana Statutes, 1946 Repl., Sec. 3-1217 and 3-1218.

We have only the cold record before us. The trial judge, however, was in a position to observe the parties, hear their testimony from the witness stand, observe their conduct and demeanor, determine their credibility and weigh the evidence. Therefore, the exercise of a trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal. *Estate of Fritz W. Alexander, Sr., Deceased,* v. *Arletha Alexander* (1966), 138 Ind. App. 443, 212 N. E. 2d, 911, 915; 7 Ind. Dec. 377; *Draime* v. *Draime; supra; Holst* v. *Holst, supra.*

We have carefully reviewed all the evidence in the record, and after considering all the evidence most favorable to the Appellee and all reasonable inferences which might be drawn therefrom, we are unable to say as a matter of law that reasonable minded men would have arrived at a different result. *Holst* v. *Holst, supra.* Nor can we say that the trial court abused his discretion because he failed to award a greater share of property to the Appellant.

The rule is that the determination of the trial court on the issue of alimony will be reversed only for an abuse of discretion apparent on the face of the record. *Betty Jane Becker* v. *Alvin Earl Becker* (1966), 141 Ind. App. 562, 216 N. E. 2d, 849, 8 Ind. Dec. 431; *Holst* v. *Holst, supra; Tomchany* v. *Tomchany* (1962), 134 Ind. App. 27, 185 N. E. 2d, 301.

We fail to find any such abuse of discretion by the trial court apparent on the record in this case, and we must, therefore, affirm the judgment of the trial court.

Judgment affirmed.

Carson, P. J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 230 N. E. 2d 339.