## LANGUELL *v.* LANGUELL

[No. 1067A82. Filed June 13, 1968. Rehearing denied September 4, 1968. Transfer denied November 6, 1968.]

*Courtney W. Kerwin* and *Max C. Shirley*, of Kokomo, for appellant.

*Daniel J. Gamble, Ellis and Gamble, Fred G. Osborn* and *Hodson and Osborn*, of Kokomo, for appellee.

FAULCONER, J.—Appellant filed suit against appellee for absolute divorce. Appellee filed a cross-complaint against appellant also requesting an absolute divorce. After trial by court appellee was granted an absolute divorce on his cross-complaint. Appellant's motion for new trial was overruled and is assigned as error on this appeal.

The main issue in this appeal is appellant's contention that the trial court abused its discretion in the division of the property of the parties.

It appears generally from the evidence that the parties were married for 27 years and raised two children to adulthood who are now themselves married. Appellee was employed during the marriage, and for the last 16 years thereof the appellant operated a beauty salon in a garage, converted for that purpose, which was attached to their house. At the time of trial the parties owned as tenants by entireties, the house and lot appraised at $25,000, furnishings appraised at $2,209, a 1964 Pontiac automobile appraised at $1500, beauty shop equipment appraised at $1,285, $4,000 in a credit union account and $166 in a checking account. Their liabilities consisted of a mortgage on the real estate in the amount of $5,200.

The trial court awarded appellant the personal property in her possession, the beauty shop equipment, one three-piece bedroom set and $500 in cash. The appellee was awarded the real estate and all other personal property "as set out in said appraisal." Appellant testified that appellee agreed that she (appellant) would receive one-half of the money in the credit union consisting of $4,000. However, we cannot determine from the evidence, finding or judgment to whom such money

was awarded. Neither the balance of $166 in the checking account, nor the money in the credit union, is listed in the appraisal referred to in the finding and judgment of the trial court. However, it does appear from the argument section of the respective briefs that the amount in the credit union account is considered as part of the property awarded to appellee-husband.

Excluding the amounts in the credit union and checking account it would appear that appellant received property of the total value of approximately $1,885, while the appellee received property of the total net value of approximately $23,400. Adding thereto the amount in the checking account and the credit union, the total amount received by appellee would be approximately $28,000. Appellant so lists such amount in her brief which is not challenged or contradicted by appellee in his brief.

The trial court under our statutes has the right and duty to settle and determine the property rights of the parties in an action for divorce. In this respect the trial court has broad judicial discretion and its action in the adjustment of property rights will not be interfered with unless an abuse is clearly shown. *Von Pein v. Von Pein* (1964), 136 Ind. App. 283, 286, 200 N. E. 2d 230; *Tomchany v. Tomchany* (1962), 134 Ind. App. 27, 32, 185 N. E. 2d 301; *Draime v. Draime* (1961), 132 Ind. App. 99, 103, 173 N. E. 2d 70 (transfer denied); *McHie v. McHie* (1939), 106 Ind. App. 152, 177, 16 N. E. 2d 987 (transfer denied).

"The question of whether or not there was an abuse of discretion must be apparent on the face of the record, and it is incumbent upon the appellant to show that there has been such an abuse of discretion." *Holst v. Holst* (1966), 139 Ind. App. 683, 212 N.E. 2d 26, 28, 7 Ind. Dec. 199, 202.

Appellee relies upon *Proctor v. Proctor* (1955), 125 Ind. App. 692, 125 N. E. 2d 443, wherein this court affirmed a

judgment granting the husband a divorce against his wife and awarding to appellee-husband all of their property including that held as tenants by the entirety. The distinguishing facts in the *Proctor* decision, in our opinion, are that the trial court found the wife was guilty of gross misconduct and also found that their equity in the premises was only $2,642.00 and that such equity was accumulated chiefly through the efforts of the husband.

In *Wallace v. Wallace* (1953), 123 Ind. App. 454, 110 N. E. 2d 514, 111 N. E. 2d 90, also relied upon by appellee, we affirmed a judgment in which the husband was granted the divorce and awarded to the husband real estate owned by them as tenants in common. A careful reading of that decision shows that the ground for divorce was that the husband had contracted a venereal disease from the wife; that they had at the time of divorce an equity in the real estate of about $1,800.00; that she had used all of her earnings for her own purposes except for a suit of clothes and a camera she gave appellee; that he used all of his savings and earnings for the home and living expenses; and that the court awarded her the sum of $1,000.00. It is obvious from these decisions that the fault of the wife was not the only circumstance considered by the trial court or upon which it based its judgment.

This court and the Supreme Court have, in several decisions, set forth the factors that a trial court should consider in determining the amount of alimony to be awarded an innocent party in a divorce suit. Among such factors are the existing property rights of the parties; the amount of property owned and held by the husband and the source from which it came; the financial condition and income of both the parties; the ability of the husband to earn money; whether or not the wife, by her industry and economy, has contributed to the accumulation of the husband's property and the separate estate of the wife. *Maxwell v. Maxwell* (1960), 240 Ind. 551, 555, 166 N. E. 2d 329; *Bahre v. Bahre* (1962), 133 Ind. App. 567, 571, 181 N. E.

2d 639 (transfer denied); *Dieterle v. Dieterle* (1961), 132 Ind. App. 213, 218, 219, 173 N. E. 2d 665 (transfer denied); *Rosenberg v. Rosenberg* (1961), 131 Ind. App. 437, 445, 171 N. E. 2d 829.

Additional rules of thumb have also been advanced for the guidance of trial courts in *Shula v. Shula* (1956), 235 Ind. 210, 215, 216, 132 N. E. 2d 612, and *Bahre v. Bahre, supra,* (1962), 133 Ind. App. 567, 571, 572, 181 N. E. 2d 639 (transfer denied).

In the present case the evidence, with conflict only on a few minor points, clearly shows that the estate possessed by this husband and wife at the time of their separation was the result of the joint efforts, earnings and industry of both parties over more than 25 years of marriage. Working together they raised two children to adulthood and are debt free except for a small mortgage on their home. Under these facts and circumstances it is our opinion that the division of their accumulated assets made by the trial court was contrary to law.

> "The discretion lodged in the Court as a guide to judicial action is a judicial discretion and involves, in a legal sense, the exercise by the court, not arbitrarily, wilfully, or passionately, of an official conscience on all the particular facts and circumstances of the subject litigation in the light of and with regard to what is right and equitable under the law properly applicable thereto and to the end of a just result." *Buckner v. Buckner* (1958), 128 Ind. App. 654, 659, 152 N.E. 2d 97.

Appellee was granted a divorce from the appellant on the ground of cruel and inhuman treatment in that appellant left him for the reason that she had met another man with whom she felt she could be happy. Appellant testified that she had stayed with appellee until the children had married for their sake. The fault of a wife should be considered by the trial court with the other factors set out above in arriving at a just and equitable division of property. Appellant's substan-

tial contribution to their estate has not been contradicted, except in a few relatively inconsequential matters.

We have studied appellee's other contention that the issue of alimony and division of property is not before us, since no motion to modify the judgment was filed by appellant nor is such division attacked as a separate specification in her motion for new trial. In our opinion a motion to modify was not necessary or appropriate under the judgment in this cause. *Blagetz v. Blagetz* (1941), 109 Ind. App. 662, 665, 37 N. E. 2d 318. Appellant specified two grounds in her motion for new trial: 1) insufficiency of evidence to support the decision and 2) that the decision is contrary to law. Her memorandum under these grounds was confined to the specific part of the judgment concerning the division of property. This, of course, brought to the trial court's attention, in a very pointed manner, to what the appellant was objecting. To separately attack this part of the judgment would not further aid the trial court in its ruling on the motion for new trial, which is the only reason for requiring specific grounds in a motion for new trial.

The part of the judgment granting the divorce is affirmed. That part dividing the assets of the parties is reversed with instructions to grant appellant's motion for new trial as to the division of property.

Judgment reversed with instructions.

Carson, C. J., Cooper and Prime JJ., concur.

NOTE.—Reported in 237 N. E. 2d 587.