CHALEFF *v.* CHALEFF.

[No. 568A86. Filed April 29, 1969. No petition for rehearing filed.]

*John M. Cregor, Dongus, Ging, Stein & Cregor,* of Indianapolis, for appellant.

*Joe L. Tipton,* of Indianapolis, for appellee.

SHARP, J.—This is a divorce case wherein the Appellant was awarded an absolute divorce from the Appellee on her cross-complaint. The divorce decree provided for property settlement and child support.

At the time of the decree, which was entered January 29, 1968, the parties were the parents of an 18 year old son and daughters, ages 16 and 17.

The Appellee has been an insurance salesman for the past 15 years and in 1967 had gross earnings of approximately $26,000.00. There has been a steady inclining pattern of his income. The parties owned a home valued at $16,000.00, subject to a $9000.00 mortgage. There is furniture worth at least $2000.00 which was acquired during their marriage, subject to $600.00 indebtedness on an air conditioner. The wife had title to a 1965 Oldsmobile, subject to $800.00 indebtedness and the husband held title to a 1967 Mustang purchased for $2700.00 in 1967 and subject to $1500.00 indebtedness. The

husband has an interest in a profit-sharing fund with his employers worth about $36,000.00.

At the time of the decree the son had graduated from high school and was attending the Indiana School of Business and Technology for which the tuition is $1680.00. The Appellee has paid $280.00 down on the tuition and has undertaken to pay the balance. Both parties express the desire for their children to have a college education. The children are honor roll students. The evidence most favorable to Appellee indicates the son was receiving post-high school education of his own choice and the Appellee has paid the tuition by borrowing the money to do so. The school which the son was attending was so located that the son lived at home and could work part-time. The father was assisting the son in the purchase of an automobile. The daughters were still in high school.

The wife is employed and earns $80.00 per week.

The court's decree provided for $25.00 per week per child support for all three children. Title to the residence was vested in the wife subject to the mortgage, as was the furniture. The wife was awarded an alimony judgment of $18,000.00, payable in equal installments over a period of 10 years and 6 months, secured by a lien on the husband's profit-sharing fund. The husband was permitted to claim all 3 children as exemptions for Federal and State Income Tax purposes so long as he paid support. Each party was awarded the automobile titled in his or her name. The wife was awarded $1000.00 attorney fee payable within one year.

The Appellant-wife raised two questions:

(a) Is the property settlement and alimony an abuse of discretion?

(b) Was the court obligated to provide in the decree for education beyond the twelfth year provided by the public schools?

Each question must be answered in the negative.

The trial court has a duty to settle and determine the property rights of the parties. The trial court's determination will not be disturbed on appeal in the absence of an ■■ abuse of discretion. This court is required to consider the evidence most favorable to the Appellee and all reasonable inferences in his favor. *McDaniel v. McDaniel*, 245 Ind. 551, 201 N. E. 2d 215 (1964); *Shula v. Shula*, 235 Ind. 210, 132 N. E. 2d 612 (1956); *Holst v. Holst*, 139 Ind. App. 683, 212 N. E. 2d 26 (1965); *Grant v. Grant*, 141 Ind. App. 521, 230 N. E. 2d 339 (1967); *Von Pein v. Von Pein*, 136 Ind. App. 283, 200 N. E. 2d 230 (1964); *Tomchany v. Tomchany*, 134 Ind. App. 27, 185 N. E. 2d 301 (1962); and *Draime v. Draime*, 132 Ind. App. 99, 173 N. E. 2d 70 (1961).

The fact that circumstances would have justified a different conclusion than that reached by the trial court does not warrant this court in substituting its judgment ■■ for that of the trial court. *Buckner v. Buckner*, 128 Ind. App. 654, 152 N. E. 2d 97 (1958).

The essential facts in this case do not disclose an abuse of discretion regarding property settlement and alimony. This is not *Bahre v. Bahre*, 133 Ind. App. 567, 181 N. E. 2d 639 (1962). A simple reading of *Bahre* will disclose that it is a vastly different case than this. In *Bahre*, the husband had a net worth of almost $600,000.00 which had been accumulated during his marriage. Of this, the court awarded an alimony judgment of $24,400.00 payable in 10 years and 2 months, attorney fees, real estate worth $55,000.00, furniture worth $17,000.00, securities in the wife's name worth $10,000.00, automobiles worth $2800.00 and money in the wife's bank account. This court held that such an award, which was approximately 1/6 of the total net assets of the parties, was an abuse of discretion because it did not leave the wife in as good a position as she would have been if her husband had died and left her as surviving widow or as well off in non-cohabitation as in cohabitation.

In *Shula v. Shula, supra,* in 235 Ind. at page 214, 132 N. E. 2d at page 614 our Supreme Court stated:

"Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the property of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. The primary factor in fixing alimony is the existing property of the parties."

In this instant case the award of alimony and property settlement are well within the bounds of the trial court's discretion under the rules set out in *Bahre.*

The Appellant next contends the trial court should have entered as part of its decree a provision for education beyond the twelfth year under Burns' Ind. Stat. Ann., § 3-1219.

The evidence and record in this case reveal that one of the circumstances which prevailed at the time the decree was entered reflected clearly that the father did in fact provide funds for post-high school education for his son. This was in the record before the trial court. The husband testified:

"Q. Have you contemplated, together with your wife, that your children should have a college education?

"A. Yes, I said from the start that I would send my children to college and pay the bills for them. And, all of the children know that, also.

"Q. At this time, you are telling this Court that you are agreeable to provide a college education for your children?

"A. Absolutely. They are my children and I love them. I would knock myself out for those kids if I have to."

In his brief the Appellee has made the following statement to this court:

"As for the contention that the child support award was contrary to law because it failed to provide for the college educations of the children, appellee makes the following representations to the reviewing court; (1) appellee has never contended and does not now contend that the $75.00 per week child support decree ever was or is now sufficient to pay for the college educations of said children; (2) because of his ability to do so, appellee ought to pay for such education for those of his children who can and do pursue their educations beyond high school; and (3) he *will* pay for such education." (his emphasis.)

In the face of this record the question narrows: Did the trial court abuse its discretion by failing to make specific provision for post-high school education in its decree? In our opinion it did not. At the time of the decree there was only one child graduated from high school and the evidence discloses that the father was making provision for him above and beyond the strict requirements of the decree in this case. This decree may be subject to modification because of changed circumstances. In the event the father failed to live up to his promises made in the trial court and in this court, the trial court could consider such failure in any modification proceedings. The trial court retains jurisdiction in this case and may modify this divorce decree whenever it becomes appropriate to insure full education opportunity, including post-high school education to any of the children presently in a position to apply and be admitted to a college, trade or business school.

The Appellee relies heavily on *Dorman v. Dorman*, 251 Ind. 272, 241 N. E. 2d 50 (1968). In that case a father of limited means was required to pay support for a college education. After reciting the common law and statutory history on the subject a majority held the trial court had not abused its discretion in the matter. The Supreme Court held there was no gross abuse of discretion under Burns' Ind. Stat. Ann., § 3-1219. The two dissenting Judges thought the trial court had abused its discretion. *Dorman* is certainly no authority to compel the trial judge in this case to make special

provision for post-high school education. The whole thrust of *Dorman* is the discretion that inheres in Burns' Ind. Stat. Ann., § 3-1219. It was not abused in *Dorman* and it was not abused here.

Likewise, *Languell v. Languell*, 143 Ind. App. 24, 237 N. E. 2d 587 (1968), is not in point. In that case the husband was granted a divorce on his cross-complaint. This court held that it was an abuse of discretion to award $1885.00 to the wife and $28,000.00 to the husband where the parties had been married 25 years and the wife had made substantial contribution in acquiring the property. By simply reciting the facts in *Languell* the difference between it and the instant case are apparent.

We fail to find any abuse of discretion as a matter of law and the judgment of the trial court should be affirmed.

Affirmed.

Pfaff, C.J., Hoffman and White, J.J., concur.

NOTE.—Reported in 246 N. E. 2d 768.