## DUNBAR *v.* DUNBAR AND FLICK.

[No. 169A7. Filed October 16, 1969. No petitions for rehearing or transfer filed.]

*Sidney A. Horn, Frank W. Morton, Morton, Tumbove & Rogers,* all of Indianapolis, for appellant.

*Russel White* and *Albert W. Ewbank,* both of Indianapolis, for appellee.

SHARP, J.—The Appellant-Plaintiff, Reba Joan Dunbar, filed her Complaint for Absolute Divorce against the Defendant-Appellee, Patrick Dunbar. The Appellee Norman Flick petitioned to intervene as a party defendant, asserting an adverse interest in certain property. Said Appellee Flick was granted leave to intervene but his intervention was not prosecuted and is not an issue in any way in this case.

The Appellant's Complaint alleged that the parties were married on March 20, 1965, and separated August 19, 1966, and that the Appellee Dunbar was guilty of cruel and inhuman treatment. The Complaint further alleged that no children were born to the marriage. The Plaintiff-Appellant also alleged that the parties had a partnership in Reba's Shamrock Lounge in Indianapolis, Indiana, the parties had joint bank accounts and that the Defendant-Appellee owned various tracts of real estate located at 5156 University Avenue, 1023 Park Avenue and 5500 Brookville Road, Indianapolis, Indiana.

On June 28, 1968, the trial court entered the following decree of divorce:

> "Comes now the plaintiff in person and by attorney in the above entitled cause of action for divorce, and comes also the defendant in person and by attorney, and the cause being at issue, the day of hearing being more than sixty days from the date of issuance of the summons served on the defendant herein, which summons was served ten days before the date of the summons was made returnable, the

cause of action was submitted on complaint, and the Court finds that the allegations of the plaintiff's complaint, alleging statutory grounds for divorce, are true, and that the plaintiff is entitled to an absolute divorce from the defendant.

That there were no children born as a result of this marriage.

The Court finds that the plaintiff is entitled to have as her property, free and clear of any interest of the defendant, the business referred to in plaintiff's complaint as Reba's Shamrock Lounge. That the defendant is hereby ordered to transfer any interest which he might have in said property to the plaintiff. That this interest includes all fixtures contained in the bar and lounge known as Reba's Shamrock Lounge, together with any books and papers pertaining to said business.

The Court further finds that there was no partnership agreement between plaintiff and defendant in the operation of said business, and that from the date of the separation of the parties, on the 19th day of August, 1966, that plaintiff was obligated for all debts incurred by said business known as Reba's Shamrock Lounge.

That the Court further finds that plaintiff is entitled to certain articles of household furnishings which she alleges she purchased, namely, carpeting, miscellaneous cooking utensils, refrigerator, couch and chairs now in the residence of the parties at 5156 University Avenue, Indianapolis, Marion County, Indiana.

That the Court further finds that the plaintiff, Reba Joan Dunbar, holds no interest in the real estate commonly described as 5156 University Avenue, Indianapolis, Marion County, Indiana.

That the Court further finds that the plaintiff shall vacate the property at 5156 University Avenue, Indianapolis, Indiana within forty-five (45) days from the date of this Entry.

The Court further finds that the plaintiff during her occupancy of the property, shall not commit any waste thereon and shall deliver up said property and all papers pertaining to said property in good condition. That defendant's attorney shall have the right to inspect such property at the time of this Entry and at the time possession is given by plaintiff to the defendant.

And the Court further finds that Robert Fink, attorney for plaintiff, is entitled to the sum of Seven Hundred Fifty

Dollars ($750.00), as and for plaintiff's attorney fee; and that Four Hundred Dollars ($400.00) of said amount shall be paid by defendant and the balance of Three Hundred Fifty Dollars ($350.00) to be paid by plaintiff.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that plaintiff is hereby granted an absolute divorce from the defendant. That the defendant deliver up to the plaintiff any right, title or interest he may have in and to the business known as Reba's Shamrock Lounge, together with any and all papers and books pertaining thereto. That the plaintiff deliver up to the defendant possession of the real estate commonly designated as 5156 University Avenue, Indianapolis, Marion County, Indiana, within forty-five (45) days from the date of this Entry. That during this possession by plaintiff no waste shall be committed by plaintiff and an inspection of the property for this purpose be made by defendant's attorney. That plaintiff is entitled to certain articles of property contained in said residence, namely, carpeting, miscellaneous cooking utensils, refrigerator, couch and chairs.

That all other items of furnishings contained in said residence shall be delivered up to defendant, namely, mechanical tools in the garage, pool table, jute box, R.C.A. record player console (25 years old collector's item), two bedroom suites, one electric stove, one console stereo, all of which were the property of defendant before said marriage. Further, that defendant is hereby ordered to pay the sum of Four Hundred Dollars ($400.00) to Robert Fink, attorney for plaintiff, to be applied toward plaintiff's attorney fee in the sum of Seven Hundred Fifty Dollars ($750.00). That plaintiff is hereby ordered to pay the balance of Three Hundred Fifty ($350.00) Dollars to plaintiff's attorney, Robert Fink.

That defendant is hereby ordered to pay the costs of this action, hereby taxed at $_____ and defendant now pays such costs."

On July 25, 1968, the Appellant filed a Motion for New Trial which was overruled on October 21, 1968, and this ruling is assigned as error here.

The only substantive question preserved for our consideration on appeal is the Appellant's contention that the trial court abused its discretion in regard to the property settlement and alimony awarded to the Appellant. Appellant does not com-

plain of that part of the decree awarding her a divorce. Neither does the Appellant complain of that part of the decree dealing with attorney fees.

The trial court has a duty to determine the property rights of the parties and its determination will not be disturbed on appeal in the absence of an abuse of discretion. This court is required to consider the evidence most favorable to the Appellee Dunbar and all reasonable inferences in his favor. See *Chaleff* v. *Chaleff*, 144 Ind. App. 438, 246 N. E. 2d 768 (1969), and the cases cited therein.

The fact that circumstances would justify a different conclusion than that reached by the trial court does not warrant this court in substituting its judgment for that of the trial court. *Buckner* v. *Buckner*, 128 Ind. App. 654, 152 N. E. 2d 97 (1958).

An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. The exercise of a lower court's discretion is not reviewable, rather it is only the alleged abuse of the power which is reviewable on appeal. *McFarland* v. *Fowler Bank City Trust Company*, 214 Ind. 10, 12 N. E. 2d 752 (1937).

Appellant and Appellee lived together illicitly for approximately three years before their marriage, during which time the residence on University Avenue was purchased in the name of the Appellee, Patrick Dunbar, alone. The marriage itself lasted only 15 months. At the time of the purchase Appellee, Patrick Dunbar, was married to one Linda Dunbar from whom he was subsequently divorced. It was also during this time that the tavern known as Reba's Shamrock Lounge was purchased and the liquor license issued in the name of the Appellant, Reba Joan Dunbar. Before and during the marriage extensive repairs and renovations were implemented on the residence and tavern. Appellant claimed she should be

"given credit" for the amount of money she indirectly paid on the house and its repair in any property settlement. There was, however, conflicting evidence on the amount of money she contributed, Appellee denying any contribution by the Appellant. Appellant contended that she gave money to the Appellee to pay "her share" on the mortgage and improvements. Conflicting evidence was also presented as to the labor each party contributed to the renovating procedures.

The trial court awarded the Appellant, as noted earlier in the divorce decree, the business and the furnishings from the home for which she had paid. This award was made from a total proved property list of the business, Reba's Shamrock Lounge, the residence on University Avenue, and Appellee's one-half interest in a commercial lot on Brookville Road in Indianapolis.

Appellant relies primarily upon *Languell* v. *Languell,* 143 Ind. App. 24, 237 N. E. 2d 587 (1968), which is factually very dissimilar from the present case. In that case the parties had been married 27 years, had accumulated property totaling $28,000.00, including the proceeds from a beauty shop operated by the wife over a period of 16 years. The trial court awarded the wife only $500.00 cash and a few items of household furniture. In *Languell* v. *Languell, supra,* this court laid out the guide lines for the trial court in cases of this type:

"This court and the Supreme Court have, in several decisions, set forth the factors that a trial court should consider in determining the amount of alimony to be awarded an innocent party in a divorce suit. Among such factors are the existing property rights of the parties; the amount of property owned and held by the husband and the source from which it came; the financial condition and income of both the parties; the ability of the husband to earn money; whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property and the separate estate of the wife. *Maxwell* v. *Maxwell* (1960), 240 Ind. 551, 555, 166 N. E. 2d 329; *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 571, 181 N. E. 2d 639 (Transfer Denied) ; *Dieterle* v. *Dieterle* (1961), 132 Ind. App. 213, 218, 219, 173 N. E. 2d

665 (Transfer Denied) ; *Rosenberg* v. *Rosenberg* (1961), 131 Ind. App. 437, 445, 171 N. E. 2d 829.

Additional rules of thumb have also been advanced for the guidance of trial courts in *Shula* v. *Shula* (1956), 235 Ind. 210, 215, 216, 132 N. E. 2d 612, and *Bahre* v. *Bahre, supra,* (1962), 133 Ind. App. 567, 571, 572, 181 N. E. 2d 639 (Transfer denied)." 237 N. E. 2d at page 589.

In this case we cannot say as a matter of law that the trial court abused its discretion by failing to follow the guide lines set forth in *Languell* v. *Languell, supra,* and the cases cited therein. The property settlement was not an abuse of discretion.

In the case of *Smith* v. *Smith,* 131 Ind. App. 38, 46, 169 N. E. 2d 130 (1960), this court stated:

"Although the word *'shall'* is used in these statutes (Secs. 3-1217 and 3-1218 Burns) in regard to fixing the amount of alimony, it is not required that the trial court make an allowance of alimony. It has been held that the word relates only to the amount of alimony, when the Court deems it proper to allow it. It is well known to be the law in Indiana that a Court may adjust property rights between the parties in a divorce proceeding without awarding alimony. Therefore, neither the statute nor common law in Indiana makes it obligatory upon the trial court in a divorce proceeding to allow alimony." (Citations omitted)

See also *Draime* v. *Draime,* 132 Ind. App. 99, 173 N. E. 2d 70 (1961).

The Appellant in her motion for a New Trial attempted to raise numerous questions with reference to the admission and exclusion of evidence. In oral argument Appellant's counsel stated that the questions relating to the same were not properly presented for our review. Therefore, we will not discuss them here.

The Appellant also claims that the trial court erred in refusing to grant the Appellant a continuance in order to enable the Appellant to present evidence refuting statements made by the Appellee on cross-examination. In her brief and the

amendments thereto, the Appellant has failed to cite any authority with reference to the question of continuance. Therefore, the question has been waived on appeal. See *Taylor* v. *Fitzpatrick*, 235 Ind. 238, 132 N. E. 2d 219 (1956).

We fail to find any abuse of discretion as a matter of law and the judgment of the trial court should be affirmed.

Affirmed. Costs v. Appellant.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 468.