KARL BOSHONIG *v.* FRIEDA BOSHONIG.

[No. 270A21.  Filed March 22, 1971.  Rehearing denied April 26, 1971.
Transfer denied August 3, 1971.]

*John R. Nesbitt, Nesbitt & Fisher,* of Rensselaer, for appellant.

*Edwin L. Robinson, Robinson & Sammons,* of Morocco, *Donald E. Bowen, Bowen, Myers, Northam & Soards,* of Indianapolis, for appellee.

ROBERTSON, J.—The appellant-defendant and appellee-plaintiff were divorced on the 7th of October, 1969, after forty-two (42) years of marriage. There had been an earlier trial of this cause in March of the same year. However, a motion for new trial was filed and granted.

The substance of the decree, insofar as it pertains to the award of property, gave the appellee-plaintiff Fifteen Thou-

sand Dollars ($15,000) alimony and the furniture, fixtures, and appliances located in the home. The appellant-defendant was awarded the remainder of the personal property which consisted of farm machinery, a truck, car, house trailer, various tools and machinery, a boat, motor and trailer, and all other personal property not awarded to the appellee. The ownership of real esate of the parties, consisting of a 105-acre farm, was changed to a tenancy in common, with the defendant being restrained from encumbering or disposing of his one-half until the alimony had been paid.

Other findings of significance made by the court were:

> "The Court further Finds that for several years last past the plaintiff has endured extreme hardships from hunger and cold and that during said time the defendant has lived in comparable luxury and has taken six extended vacations in Europe; the Court Further Finds that the defendant willfully and without just cause abandoned and deserted the plaintiff in September, 1962, against her wishes and consent; the Court Further Finds that the defendant has been living in adultery since April, 1968;
>
> "The Court Further Finds that the defendant has been selling and disposing of his personal property under an assumed name and that there is a bank account under such assumed name. . . ."

The appellant filed a motion for new trial specifying as grounds therefor that the decision of the court was not sustained by sufficient evidence, was contrary to law, and the amount of alimony was too large. The assignment of error is that the court erred in overruling the motion for new trial.

Although there was conflicting evidence, a brief summary of the record viewed in the light most favorable to the appellee shows this childless couple separated in September of 1962. The parties had acquired a farm, free of any encumbrances at the time of the divorce, by buying other property, improving it, and then selling until they obtained this property. The original down payment for the initial property was provided by the appellant in 1927. There was testimony of

the appellee's hard work on the farm and her very poor living conditions. The appellant left the farm to work in Chicago and returned on weekends, the weather and his health permitting. His financial support for his wife consisted of Twelve Dollars ($12) per week plus utilities until he went on social security, when it changed to Twenty-two Dollars ($22) per month. There was evidence as to real and personal property values. Testimony was also given regarding the appellant living with another woman for a time after the separation. Trips to Europe, for the most part, were for the purpose of visiting appellant's aged father and were made at a cost of from Three Hundred Dollars ($300) to Five Hundred ($500) each.

We will not weigh the evidence, but will consider it in a light most favorable to the appellee. The decision of the trial court, relative to property rights, alimony, and other allowances are reviewable for a determination of an abuse of judicial discretion, and for that purpose only. The judicial discretion in a case of this nature is an exercise of official conscience, not arbitrarily, willfully, or passionately exercised, but based upon the facts and circumstances of the particular case with regard to what is right and equitable under the applicable law and to the end of a just result. The appellant's responsibility is to show a clear abuse of judicial discretion. *Buckner* v. *Buckner* (1958), 128 Ind. App. 654, 152 N. E. 2d 97; *Tomchany* v. *Tomchany* (1962), 134 Ind. App. 27, 185 N. E. 2d 301; *Chaleff* v. *Chaleff* (1969), 144 Ind. App. 438, 246 N. E. 2d 768. The fact that circumstances would have justified a different result by another trial court than that reached by the trial court in this case does not warrant this court in substituting its judgment for that of this trial court. *Buckner* v. *Buckner, supra.*

The law is replete with cases stating the guidelines and rules to be followed by a trial court in the granting of alimony. The case of *Dunbar* v. *Dunbar* (1969), 145 Ind. App. 479, 251 N. E. 2d 468, at page 472 sets forth a brief summary of the factors to be considered by the

trial court in determining the amount of alimony. The existing property rights of the parties, the amount of property owned and held by the husband, and the source from which it came, the financial condition and income of both the parties, the ability of the husband to earn money, whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property, and the separate estate of the wife, are among the many factors that may be considered. The *Dunbar* case, *supra*, cites authorities where each of these propositions may be found. Additional rules of thumb have also been set forth in that the nature of abuse of the wife, especially as it affects her earning power or ability, may be considered in the determination of the granting of alimony and the amount thereof. *Shula* v. *Shula* (1956), 235 Ind. 210, at pp. 215, 216, 132 N. E. 2d 612.

Another rule that the court might consider in granting alimony is that the innocent wife should be no worse off than if her husband had died. *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 571, 181 N. E. 2d 639, 641. However, the *Bahre* case, *supra*, states that there are no binding rules, nor is there any single test which might be followed by the court in determining the sum which the husband shall pay to his wife whom he has injured by reason of the wrongs and grievances of which she has complained and which she has sustained by the evidence at the trial.

In a contested divorce action the trial court is often barraged by figures and values which are rarely in agreement. Bearing in mind that the trial court, having the parties before it in arriving at its conclusions, may have observed many things which were not and could not be made a part of the record now before us, and, therefore, cannot be apparent to us upon review. The judge's responsibility and duty in determining which values are applicable is no different than that of any trier of fact in giving the varying degrees of weight, sufficiency and credibility to any of the evidence. The trial judge fulfilled his responsibilities in this case by determining

from the evidence before him the amount and the method of payment of the alimony.

The appellant's position relies, insofar as it applies to excessive alimony, on the fact that the court used the wrong values in determining the amount of alimony to be paid to the appellee. In order for this court to determine that proposition to be correct, a reading of the transcript is required, then choosing one of the witnesses who testified as to values as being more or less correct than any other witness on the same point. This constitutes weighing the evidence and is completely beyond the realm of the appellate function.

In applying the previously stated guidelines and rules to the case at bar, excluding of course those inapplicable such as the size of the wife's estate, we cannot in reviewing the evidence say that the trial court has abused its discretion. We would agree with the appellant that the situation in which he is left after the judgment has been satisfied for alimony is not a comfortable one. However, as indicated by the special findings in the decree, it would appear that that was the intent of the court. The trial court had authority to do so in this case by taking into account the nature of the abuse that the appellee has suffered in this instance, and the extent of her contribution to the property of the parties during the marriage.

The appellant relies upon *De Witt* v. *De Witt* (1951), 120 Ind. App. 704, 96 N. E. 2d 351, in which the trial court failed to place the value upon certain personal property of the parties. The case was reversed upon this point. The *De Witt* case, *supra,* is distinguishable from the case at bar in that there was *no* evidence as to the value, whereas in the instant case a reading of the record would indicate that the furniture awarded to the appellee was of little or inconsequential value. There was some evidence in this case as to value, even though the trial court did not assign a dollar amount to it.

The appellant further relies upon the case of *Languell* v. *Languell* (1968), 143 Ind. App. 24, 237 N. E. 2d 587, in that

the award, at least from a percentage standpoint, was similar to the case at bar. The distinguishing characteristic between this case and the *Languell* case, *supra,* is the lack of gross misconduct in the Languell case. It is apparently by the findings of the trial court, especially as it related to the living conditions of the appellee and the actions of the appellant, that such misconduct existed in this case. Again referring to the guidelines and rules as previously set forth, this can be a factor in determining the amount of alimony.

Taking all these factors into consideration, we must say as a matter of law that the trial court did not abuse its discretion in the award of alimony in this case.

The test to be applied by this court upon the decision of the lower court is set forth in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, which states that only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached the opposite conclusion, that the decision of the trial court will be set aside on the grounds that it is contrary to law. Applying that test to a review of the evidence and the legal authorities cited by the parties hereto, we cannot say that the trial court's decision was contrary to either the law or the evidence.

The judgment of the court below is affirmed.

Sullivan, P.J., concurs; Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 555.