KARL BOSHONIG *v.* FRIEDA BOSHONIG.

[No. 272A102. Filed August 2, 1972.]

*John R. Nesbitt, Nesbitt & Fisher,* of Rensselaer, for appellant.

*Edwin L. Robinson, Robinson & Sammons,* of Morocco, *William L. Soards,* of Indianapolis, for appellee.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether the alimony ordered by the trial court to be paid by

defendant-appellant, Karl Boshonig, to plaintiff-appellee, Frieda Boshonig, was due instanter or in the future.

The undisputed facts may be summarized from the record before us as follows:

On October 7, 1969, the Newton Circuit Court entered its amended decree of absolute divorce granting plaintiff an absolute divorce from defendant. The amended divorce decree, in pertinent part, stated as follows:

> "The Court Further finds that the defendant has been selling and disposing of his personal property under an assumed name and that there is a bank account under such assumed name;
>
> * * *
>
> "IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff have and recover from the defendant the sum of Fifteen Thousand Dollars ($15,000.00) as alimony and that the plaintiff have all household furniture, fixtures and appliances physically located in the house in which she is living;
>
> * * *
>
> "IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED By the Court that the defendant Karl Boshonig be, and he is, hereby restrained and enjoined from selling or disposing of or encumbering in any way his undivided one-half interest in the following described real estate in Newton County, Indiana. * * *."

Thereafter, execution issued from the Clerk of the Newton Circuit Court in the amount of $15,000 plus interest at the rate of 6% per annum from the date of judgment, plus accrued costs in the amount of $22.

Defendant Karl Boshonig appealed from the judgment of the trial court contending that the decision was not sustained by sufficient evidence, was contrary to law and that the amount of alimony was excessive. See: *Boshonig v. Boshonig* (1971), 148 Ind. App. 496, 267 N. E. 2d 555, 556, 25 Ind. Dec. 113 (transfer denied). The *ratio decidendi* of that opinion is that the decision of the trial court relative to property rights, alimony and other allowances is reviewable only for an abuse of judicial discretion. In affirming

the judgment the trial court, the Appellate Court held that the decision was not contrary to law or the evidence, and the award of alimony did not show an abuse of discretion.

Defendant Karl Boshonig then filed his petititon for modification of execution in the trial court. The crux of defendant's petition is that the judgment contemplates that "the alimony will be paid in the future", and the defendant requested the trial court to order the interest on the judgment expunged from the execution. The trial court found that the payment of alimony was due instanter, entered an order accordingly and overruled the petition for modification of execution. Defendant Karl Boshonig timely filed his motion to correct errors which was overruled by the trial court. This appeal followed in which the only issue raised is whether the alimony payment was due instanter or in the future.

The statute involved in the instant appeal is IC 1971, 31-1-12-17, Ind. Ann. Stat. § 3-1218 (Burns 1968), which provides as follows:

"Alimony—Entry of judgment—Method of payment—Effect upon real property.—The courts shall fix the amount of alimony and shall enter a judgment for such sum, and specify the character and method of payment, which in his discretion he deems to be just and proper under all of the evidence, including any valid separation agreement which may have been introduced into evidence. In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and may order the transfer of property as between the parties, whether real, personal or mixed and whether title at the time of trial is held by the parties jointly or by one of them individually. In determining the method of the payment of the alimony *the court may require that it be paid in gross or in periodic payments,* either equal or unequal, and if to be paid in periodic payments the court may further provide for their discontinuance or reduction upon the death or remarriage of the wife, and, in his discretion, the court may further provide for such security, bond, or other guarantee as shall be satisfactory to the court for the purpose of securing the obligation to make such periodic payments. *Said judgment shall be a lien upon the real estate and chattels*

*real of the spouse liable therefor to the extent that it is payable immediately but shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree so provides expressly.* Such amount as shall be awarded, regardless of the character or method of its payment shall be in complete discharge of all the husband's obligation to the wife, but not to his minor children, arising out of the marital or family relationship. In his discretion the court may make such judgment without relief from valuation or appraisement laws. Such judgments as contemplated by this section shall not be assignable and any purported assignment of such a judgment or any portion thereof shall be wholly invalid and unenforceable. Any property, real, personal or mixed, owned as joint tenants or as tenants by the entireties by the parties to the divorce action which shall not be expressly included in and covered by the decree of divorce shall, upon the rendition of such decree, vest in such parties equally as tenants in common." (Emphasis supplied.)

We hold that the above quoted statute explicitly authorizes a trial court to order alimony to be paid in a gross payment due immediately. The trial court, as indicated by the record before us, did so in the instant case. The divorce decree does not indicate that the payment was contemplated to be paid in the future. To the contrary, in overruling defendant's petition for modification of execution the trial court expressly ordered the payment to be due instanter. Interest was properly assessed for the period the payment was overdue. *Winemiller et al.* v. *Winemiller* (1888), 114 Ind. 540, 17 N. E. 123.

We cannot find, as a matter of law, that this appeal has been brought in bad faith, therefore, we deny appellee's request to recover attorneys' fees in this action.

Finding no abuse of discretion with regard to the alimony award, the judgment of the trial court is affirmed.

Judgment affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 285 N. E. 2d 684.