Stultz v. Stultz.

Filed Sept. 18, 1886.

---

No. 12,615.

Stultz *v.* Stultz.

Husband and Wife.—*Divorce.*—*Alimony.*—*Previous Settlement of Property Upon Wife.*—*Revocation.*—*Evidence.*—Where a husband has settled property upon his wife, and she subsequently applies for a divorce on the ground of his misconduct, but does not insist on alimony, he is not entitled to show the value of the property and the consideration of the settlement, nor, in the event a divorce is granted his wife, can he obtain a revocation.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman, W. A. Branyan, B. M. Cobb, C. W. Watkins, J. B. Kenner* and *J. I. Dille,* for appellant.

*B. F. Ibach* and *J. G. Ibach,* for appellee.

Mitchell, J.—A decree of divorce was given in favor of Mary A. Stultz, in the court below, upon her petition charging that her husband, George W. Stultz, treated her cruelly and inhumanly, and that he was an habitual drunkard.

Alimony was prayed for in the petition, but as no evidence was offered upon the subject of the appellant's property by the petitioner, it is apparent that in respect to that subject the petition was abandoned.

In a pleading denominated an answer, the appellant set up that at the time of his marriage he was possessed of real and

personal property of the value of $6,000. He averred further that he was induced by the plaintiff's professions of affection for him to settle upon her real and personal property of the value of $3,000.

He charged further, that after his wife had obtained the above mentioned property, she abandoned him without cause, and that in order to bring about a reconciliation, and to induce her to return and resume her marital duties with him, he purchased a lot, taking the title in her name, and that thereafter they jointly paid for the erection of a house and improvements thereon, the defendant expending in and about such improvements all his available means. The lots and improvements thus held and produced, are alleged to be of the value of $9,000.

The answer avers that in making the professions and promises above mentioned, the plaintiff had not acted in good faith; that by means thereof she had artfully secured possession of the defendant's property, and had thereafter, without cause, abandoned him and instituted proceedings for divorce. He asked, in the event a decree of divorce should be granted on the plaintiff's application, that the court would award him a fair and equitable division of the property. Issue was made by a reply in denial.

The plaintiff having offered no evidence in support of her prayer for alimony, the defendant, while testifying as a witness in his own behalf, was asked the following question: "What amount of property did you turn over to your wife, if any? on what condition or consideration, if any, was it done?"

Upon objection being made, the defendant, by counsel, announced that he proposed to prove in answer to the question propounded substantially the facts set up in his answer. The testimony was excluded, and this ruling presents the only question for decision.

The purpose for which the excluded evidence was offered,

was not to refute the charge of habitual drunkenness, or cruel treatment, although the appellant gave evidence in denial of those charges, but to secure an equitable share of the property previously settled upon the plaintiff, in the event a divorce should be awarded in her favor.

The plaintiff having abandoned any claim for alimony, and there being no demand on her part for the adjustment of any property rights, there was nothing before the court to which the offered evidence was relevant. The only pertinent subject under investigation was, whether the appellant's habits and treatment of the plaintiff were such as entitled her to a divorce.

The evidence offered, and excluded, presents nothing which distinguishes this from the ordinary case in which property has been settled upon a wife by a husband after marriage.

In such a case, upon a divorce being decreed in favor of the wife for misconduct of the husband, if a judgment for alimony is insisted upon by the wife, the amount of property previously settled upon her, and then available for her support, as well as that possessed by the husband, would be proper subjects for consideration in adjusting the sum to be awarded her. *Morse* v. *Morse*, 25 Ind. 156. In case the husband had previously made a fair and equitable settlement upon his wife, the court would be authorized to consider such settlement in arriving at the additional sum, if any, which would be just and proper under the circumstances to be awarded to the wife. Section 1045, R. S. 1881.

Where a husband is entitled to a decree dissolving the marriage tie on account of the adultery or other gross misconduct of his wife, a state of circumstances might exist in which it would be proper to so allot a settlement of property made by the husband upon the wife, in consideration of marriage, or under other peculiar circumstances, as that the husband would be placed somewhat in the position he would have been in had the union continued. 2 Bishop Mar. and. Div., section 509*a.*

We are, however, aware of no principle, nor are we cited to any authority, which would justify the revocation of a settlement of property, either in whole or in part, made by a husband upon his wife, in case a divorce was subsequently decreed to the wife on account of the misconduct of the husband. A husband who settles property upon his wife can only make the benefit of such settlement available to himself on condition that the marital union is not destroyed or rendered impossible in consequence of his misconduct. In this way the marriage tie is more closely cemented, and the husband is not awarded a premium for his misconduct by the revocation of a settlement when his wife is in no fault. Assuming that the evidence offered would have sustained the averments of the answer, it could have supplied no foundation for relief to the appellant, unless it had gone to the extent of showing that the charges against the husband were not true. The facts averred do not tend to show that the property was conveyed to the wife under circumstances which affected it with an enforceable trust in favor of her husband. *Moore* v. *Cottingham*, 90 Ind. 239; *Rose* v. *Rose*, 93 Ind. 179.

It does not appear but that the purpose of the appellant, in conveying property to his wife, was to invest her with an absolute and irrevocable title. Besides, whatever agreement there was rested in parol. Nothing short of misconduct of the wife, justifying a divorce in favor of her husband, would have authorized an inquiry such as that proposed.

The fact however remains, that a decree was granted to the wife, upon evidence deemed sufficient by the court below, for the misconduct of the appellant. Accepting the conclusion thus reached as being sustained by the proof, it is manifest that the seeming hardship which has resulted to the appellant, is the consequence of his own misdoing.

Concede that the appellant's wife agreed to return and live in conjugal relations with him, in consideration of the conveyance of the property, it can not be further assumed that

she agreed so to live with him in case he should treat her in a cruel and inhuman manner, or in the event he should become an habitual drunkard; nor can it be assumed that there was an implied agreement, in the event she was compelled by his misconduct to seek a legal separation from him, that she should restore the property, or any part of it.

The judgment is affirmed, with costs.

Filed Sept. 18, 1886.