BUCKNER *v.* BUCKNER.

[No. 19,037. Filed August 13, 1958.]

*C. W. Bangs, Donald G. Yates,* and *Bangs & Yates,* all of Huntington, for appellant.

*Frederick M. Mowrer,* of Huntington, for appellee.

KELLEY, J.—In an action for divorce, the trial court granted appellant an absolute divorce from appellee and adjudicated their property rights. This appeal presents

the sole contention of appellant that the court abused its discretion in awarding certain entireties real estate to the appellee.

In addition to the two resident witnesses, the evidence consisted of appellant's testimony and a stipulation by the parties of the fair market value of certain personal property belonging to them. Appellee gave no evidence. The evidence tends to establish that appellant had three children by a previous marriage but no children by the union dissolved in this action; that appellee proved unfaithful to his marriage vows and fathered a child by another woman; that at the time of her marriage to appellee on November 23, 1948, appellant was in good health and possessed good eye sight; that at that time she and appellee worked at the same factory and after their marriage she continued to work there until October 5, 1955, at which time appellant underwent surgery for an affliction of her eyes known as glaucoma; that appellant is now totally blind in the right eye and there is a severe reduction of sight in the left eye.

By her first marriage appellant acquired a "property on Swan Street" in which she and appellee lived during the first four years of their marriage and which appellant continues to own. (The description, size and details as to said Swan Street property do not appear in evidence.) During their marriage the parties jointly acquired some household furnishings, a garden tractor, farm tractor, cultivator and mower, a 1950 Plymouth automobile, a 1935 Dodge automobile, and some chickens. Appellant, at the time of the decree, had a savings account of approximately $1,159.00.

The parties invested their earnings in a residence situated on a tract of about five acres of land on the outskirts of Mt. Etna, Indiana, appraised at the trial in the amount of $8,500.00. Appellant testified that

the purchase price of said property was $8,000.00 and that appellee made the down payment of $4,000.00. The parties moved into this property in September, 1952 and continued to hold and occupy the same, as tenants by the entireties, until the divorce decree. The monthly payments on the balance of the purchase price of the property were contributed by the parties in equal shares.

At the trial appellant testified that she desired to continue living in the Mt. Etna property, that she was acquainted with the "inside and outside of this house" and could find her way around it, and she asked that said property and the household goods be set off to her as her separate property.

The court awarded appellant the $1,159.00 savings account, all household goods, furniture and chattel property, except the 1950 Plymouth automobile, the 1935 Dodge automobile, the garden tractor, the farm tractor, cultivator and mower, and two dozen chickens, which said excepted items were awarded to appellee. The Mt. Etna home property was awarded to appellee subject to a lien of $4,475.92 alimony awarded appellant.

Appellant contends that in awarding the Mt. Etna residence and the five acres of land to appellee, the court abused its discretion. She says "appellant admits that the award as to dollar values may come within the range of the discretion which the court may exercise, but to deny appellant in her condition of near blindness, inability to make a living except from this land with which she was acquainted and which she had asked the court to award to her . . . we believe is an abuse of the court's discretion." Appellee urges that appellant is the owner of the Swan Street property, that in her condition she would be better off there than she would

be in trying to care for the five acres of land in a rural community.

A repetitive consideration of appellant's brief promotes the conclusion that although she recognizes and concedes the wide discretion residing in the court in its adjustment of the property rights of the parties, appellant is nevertheless contending that in this case the fact of her near total blindness, her acquaintance with the Mt. Etna home and consequent ability to find her way "around" it, that she contributed her earnings to the accumulation of their real and personal property, that appellee made no accounting of his earnings during the last year of their marriage, that she could earn her living on the property by raising poultry and sheep, that she is 51 years of age while appellee is but 42 and is strong, robust and able to make his way, that appellee's infidelity occasioned the breach of their marriage, and that appellee made no request for the property while she did make such request therefor, established circumstances of such a nature that the court should have "given her the choice as to whether or not she would accept the residence property for her home and pay the appellee one-half of the appraised value, or accept from her husband the one-half of the appraised value."

Looking to the case as a whole, it seems probable that the proven circumstances were of a nature sufficient in appealing quality to justify different conclusions by different courts. Such consideration, however, does not warrant the reviewing court in substituting its judgment for that of the trial court. Appellant does not contend or undertake to demonstrate that the judgment of the court was erroneous by reason of its application of wrong principles of law or its omission to apply the correct principles of law to the established facts.

The discretion lodged in the court as a guide to judicial action is a judicial discretion and involves, in a legal sense, the exercise by the court, not arbitrarily, willfully, or passionately, of an official conscience on all the particular facts and circumstances of the subject litigation in the light of and with regard to what is right and equitable under the law properly applicable thereto, and to the end of a just result. Tested by this rule, there appears no abuse of discretion by the trial court.

The property cost the parties $8,000.00, of which appellee, as appellant testified, paid down $4,000.00 and they jointly made the monthly payments due on the balance. At the time of the trial, the property was appraised at $8,500.00. The court awarded appellant an alimony judgment of $4,475.92 and adjudged it a lien against said property awarded appellee. In addition, appellant has the savings account of $1,159.00, the personal property, with the several exceptions noted above, and she retains her home on Swan Street.

Appellant was understandingly disappointed in not getting the Mt. Etna property for herself, but disappontments are not unusual for litigants. One of the prime requisites for judicial talent and the basic premise of our government of laws and not of men, is that the law shall be interpreted, administered, and applied uniformly, impartially, calmly, and with a deep sense of judicial propriety, unaffected and unswayed by emotional stress or the exigencies of the moment. Such function, duly exercised, sometimes leads to disappointment and seeming injustice in a particular case, but the centuries have proven its virtue as the sustaining precept in the administration of the affairs of man. It may be, as appellant opines, that she would be better off in the Mt. Etna property. However, the court, having the parties before it, in arriving at its conclusions,

may have observed many things which cannot be made a part of the record and which are not apparent to us on review.

Judgment affirmed. Pfaff, C. J. and Crumpacker, J., concur.

NOTE.—Reported in 152 N. E. 2d 97.