MILDRED MATHEWS *v.* ELVIN MATHEWS.

[No. 471A61. Filed February 8, 1972.]

*John C. Mowrer,* of Danville, for appellant.

*Robert B. Railing,* of Scottsburg, *Frank E. Spencer,* of Indianapolis, for appellee.

LOWDERMILK, J.—This action was instituted by the plaintiff-appellee against the defendant-appellant for an absolute divorce and a division of their property. After trial by the court a divorce was granted plaintiff and a division of the

parties' property ordered. Plaintiff's complaint, omitting the allegation of residence requirements, alleged that the parties were duly married on the 15th day of February, 1943 and separated on December 20, 1967; that there was one child, now over 21 years of age and emancipated; that the defendant was guilty of cruel and inhuman treatment and had associated with vile and lewd characters.

The complaint further alleged ownership of certain real estate in Scott and Jennings Counties, all of which was acquired through the efforts of the plaintiff and which he alleges should be set over to him and that he owns certain personal property which the defendant had no interest in. The prayer of the complaint was for a divorce and all other proper relief.

Afterward, a restraining order was issued against defendant-appellant from going about the appellee's home.

The defendant-appellant filed her answer, cross-complaint, application for support and suit money, for her attorney's fees and a petition for temporary restraining order. The answer was one of admission and denial under the old Supreme Court Rules.

Defendant's cross-complaint, with the permission of the court, was later withdrawn by her.

Following a hearing on the defendant's petition for restraining order, support and suit money and attorney fees, the court issued a restraining order against the plaintiff-appellee, restraining him from molesting defendant-appellant at any time or place pending the action. The court further ordered the plaintiff to pay to defendant for her support pending the litigation the sum of $10.00 per week for ten weeks, payable not later than the day of final hearing for the divorce. The court further allowed and ordered paid the sum of $200.00 for defendant's attorney, the same to be paid $100.00 within thirty days and $100.00 on or before the trial date.

On October 2, 1969, the defendant filed with the court her petition to modify the interlocutory order and after a hearing

the court entered the following order, omitting caption and signature:

"The Court having, therefore, taken under advisement, defendant's petition to Modify Interlocutory Order and now being duly advised, finds that the Interlocutory Order, heretofore entered be modified in that the Plaintiff should be ordered to pay the $100.00 support, heretofore ordered, immediately, and Plaintiff should be ordered to pay addition total of $100.00 support on or before the 4th day of November, 1969, and in all other respects the Interlocutory Order, heretofore entered on the 16th day of January, 1968, should remain in full force and effect."

On May 26, 1970, trial was had and there was conflicting evidence that the wife had been unfaithful, had not taken care of her house, and had been something less than a pleasant and enjoyable person to live with. There was conflicting evidence that the plaintiff, husband, had drunk, beaten his wife, refused to take care of her in a proper way, and also was something less than a perfect person to live with. Evidence as to the value of real estate owned by the parties was admitted and testimony was heard as to how that real estate had been acquired. The evidence indicated that the husband had procured all of the real estate out of his own funds, the wife had not worked except the last few years. After having heard all the evidence and taken the matter under advisement the court entered its judgment on August 27, 1970.

The court decreed that the marriage was dissolved and the plaintiff was granted an absolute divorce from the defendant.

The court further decreed that the 18 acres of real estate in Scott County, Indiana, heretofore owned by the parties as tenants by entireties be, and the same is, set over to Mildred Mathews, defendant, as her sole and separate property.

The court further decreed that the defendant, Mildred Mathews, recover of and from the plaintiff the sum of $10,000 alimony, the same to be paid $5,000 on or before January 1, 1971 and the sum of $5,000 on or before the first day of July, 1971, and all to be paid without interest.

The court further decreed that the real estate owned by the plaintiff and located in Jennings County, Indiana, shall be and remain the plaintiff's sole and separate property.

The court further decreed that the defendant shall have as her separate property the following personal property located at the former residence of the parties in Jennings County, Indiana, to-wit: gas stove, refrigerator, safe and miscellaneous household effects. The court further decreed that the plaintiff shall have as his sole and separate property the balance of the personal property, household effects, livestock, farm machinery and pick up truck located on the plaintiff's property in Jennings County, Indiana.

The court further decreed that the plaintiff shall pay to the clerk of the Jennings Circuit Court for the use of defendant's attorney, Gordon Medlicott, within 60 days of the date of the decree the sum of $925.00 attorney fees and that the plaintiff pay the costs of the action.

Defendant-appellant timely filed her motion to correct errors with the court, which is in the words and figures as follows, to-wit:

"Comes now the defendant, in person and by her counsel, and moves the Court to correct the errors occurring before the filing of this motion, and as grounds for this motion, the defendant respectfully shows the Court:

"1. That there was an abuse of discretion by the Court in awarding to the plaintiff all of the real property with the exception of eighteen (18) acres held by the parties as tenants by the entireties.

"2. That the decision of the Court is contrary to the evidence in that the defendant, by reason of her marriage to the plaintiff, was entitled to a greater proportion of the properties owned by the parties than that granted to her.

"3. That the decision of the Court is contrary to law in that the amount allowed by the Court as attorney fees is inadequate in view of the uncontroverted evidence submitted thereon.

"4. That there was an abuse of discretion by the Court in awarding the defendant a gas stove, refrigerator, safe

and miscellaneous household effects and awarding to the plaintiff herein all of the rest and remainder of said household goods, furnishings and effects.

"5. That there was an abuse of discretion by the Court in awarding an alimony judgment to the defendant in the amount of Ten Thousand Dollars ($10,000.00) for the reason that such award is unconscionable in view of the total assets owned by the parties.

"WHEREFORE, defendant prays that the Court sustain this motion in whole or in part and that the Court grant a new trial herein, and for all other just and proper relief in the premises."

A memorandum accompanied the motion to correct errors. Afterward the defendant-appellant submitted a petition for funds to prosecute her appeal, which petition was denied by the court.

The defendant-appellant set out five alleged errors in her motion to correct errors. She has actually more accurately and succinctly stated the issues to be reviewed in this appeal in her reply brief, which states:

"The only issues presented to the trial court in the motion to correct errors, argued before the trial court and on this appeal are the inequity of the property division and attorneys fee."

By this statement of the defendant-appellant the only questions presented for us to pass upon are the question of (1) Did the court err in the division of property? and (2) Did the court err in the award of attorney fees to defendant-appellant's attorney?

The plaintiff-appellee asserts that an imperfect brief was submitted by the defendant-appellant and that this court need not and in fact should not decide this case on its merits inasmuch as the appellant has failed to comply with the requirements of Appellate Rule AP. 8.3 (A) (5).

We must agree with the plaintiff-appellee that the defendant-appellant has not totally complied with the Appellate Rules in the preparation of her brief.

Plaintiff-appellee points out under the above cited Appellate Rule that the statement of fact relevant to the issues presented for review with appropriate references to the record was not set out in defendant-appellant's brief. This is true—there is no heading "Statement of the Facts Relevant to the Issues Presented for Review." There has been an attempt to comply with this Rule by setting out a "Statement of the Case."

There has been almost a complete lack of references set forth in the brief as to the transcript, line and page number.

There has been much duplication of the same argument.

In defendant-appellant's reply brief she attempts to lessen the objection to her failure to comply with the Rule by stating: "Considering also her exhaustive condensation of the evidence with references to the record, and that of the appellee she is entitled to have this Court consider her case on the merits." While this court appreciates the condensation of the evidence as much as possible, it is still the rule that the party preparing the brief shall set out the reference to the page and line number of the transcript for the court's convenience in referring to the same and we expect that to be done in the future.

In the case at bar plaintiff-appellee filed a motion to dismiss for failure of the adverse party to comply with the Rules and this court at that time overruled the motion to dismiss. In view of the fact that we have made this record so far and the further fact that we are required to pass on all cases on their merits, where it is at all possible, we are now deciding the case at bar on its merits. It is discernible as to what appellant is appealing from and what she is attempting to convey to this court and we will, therefore, forthwith deal with the merits of this cause.

In the case of *Willsey* v. *Hartman* (1971), 149 Ind. App. 5, 269 N. E. 2d 172, the court said that any doubts should be resolved in favor of deciding cases on their merits, and that it is clear that there must be presented in the argument

section of the brief the causes or specifications of a motion for a new trial, or its successor, motion to correct error.

Plaintiff-appellee further contends that there is no such ground permitted by the Rules (TR. 59 (A)) as "abuse of discretion," which is the basis of asserted grounds numbered 1, 4 and 5 by the appellant and, therefore, nothing is presented by such assertion.

With this contention we are forced to agree. However, specification 2 is that the decision of the court is contrary to the evidence in that the defendant, by reason of her marriage to the plaintiff, was entitled to a greater proportion of the property owned by the parties than that awarded to her.

Specification 3 is that the decision of the court is contrary to law in that the amount allowed by the court as attorney fees is inadequate under the uncontroverted evidence submitted thereon. There is some argument in the memorandum attached to the motion to correct errors which covers these two specifications and which, in our opinion, under the rule in *Willsey* v. *Hartman, supra,* will, by a stretch of the imagination, permit us to consider these two specifications on the merits, and more especially, all other alleged specifications having been waived by the defendant-appellant in her reply brief.

The first issue to be decided is whether or not the trial court abused its discretion in the division of the property of the parties. In reviewing the decision of the trial court we first set forth the standard with which we must review that decision. Such a standard was very ably stated by Judge Cooper in *Grant* v. *Grant* (1967), 141 Ind. App. 521, 526, 230 N. E. 2d 339, 343:

"* * * Therefore, the exercise of a trial court's discretion is not reviewable on appeal. *It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal.*" (Our emphasis.)

With this standard in mind we look to the trial court's decision and the allegations of the defendant-appellant. As has been previously set out, the evidence of the parties' wrongdoings was in conflict and we further cite the test that when the evidence is in conflict it is very difficult, and should be, to overturn the judgment of a trial court who observed the demeanor and interest of the witnesses while testifying.

In reviewing the decision of the trial court we look to the testimony and evidence which was submitted to the court and see that it was in conflict as to whether the wife was unfaithful and the husband abusive toward his wife and other conditions bringing about and resulting in the separation and divorce of the parties. We further look to the property settlement and contrast the lot of the appellee with that of the appellant in a light most favorable to the appellee, which property consists of: real estate of approximately 135 acres —$19,525.00; savings of $2,093.03, for a total of $21,618.03, in addition to a few household furnishings, a 1967 Ford truck with 80,000 miles on it, farm machinery, including a 1952 Farmall Super C tractor and livestock consisting of at least 20 hogs and shares in Farm Bureau Co-op worth about $300. The property of the defendant-appellant after the property settlement and divorce consisted of 18 acres of land valued at $5,400 plus alimony of $10,000 for a total of $15,400. In addition thereto she was paid $200 during the pendency of the action. The husband's estate was decreased an additional $200 for preliminary attorney fees and an additional $950 for final attorney fees.

The wife, defendant-appellant, had been working for a few years prior to the divorce and was still working after the divorce, with about $50 to $60 per week take-home pay, in a factory near her home town, and in addition she owned a 1959 Chevrolet automobile.

This court, in previously considering the discretion given a trial court, said that:

"The discretion lodged in the court as a guide to judicial action is a judicial discretion and involves, in a legal sense, the exercise by the court, not arbitrarily, willfully ■ or passionately, of an official conscience on all the particular facts and circumstances of the subject litigation in the light of and with regard to what is right and equitable under the law properly applicable thereto and to the end of a just result. . . ." *Buckner* v. *Buckner* (1958), 128 Ind. App. 654, 659, 152 N. E. 2d 97, 99.

In addition, this court has said in *Languell* v. *Languell* (1968), 143 Ind. App. 24, 237 N. E. 2d 587, in setting forth the factors that a trial court must consider in determining the amount of alimony to award in a divorce suit:

"This Court and the Supreme Court have, in several decisions, set forth the factors that a trial court should consider in determining the amount of alimony to be ■ awarded an innocent party in a divorce suit. Among such factors are the existing property rights of the parties; the amount of property owned and held by the husband and the sources from which it came; the financial condition and income of both the parties; the ability of the husband to earn money; whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property and the separate estate of the wife. [Citing cases.]"

In addition to these tests this court, in the case of *Miller* v. *Miller* (1970), 146 Ind. App. 455, 256 N. E. 2d 589, stated that:

" '* * * Frequently the amount of alimony is fixed at the amount the wife would have received had her husband died, and it has been said that, * * * in no event should the allowance be less than her *dower interest* would have been.' "

This is a general rule, and in cases too numerous to be cited we have stated that there are exceptions to it. However, in the case at bar since it is readily seen the wife received more than one-third of the net estate of the appellee, this rule of thumb need not be considered here.

The court in the case at bar did meet the test put forth

in *Miller* v. *Miller, supra,* in that it determined (1) the existing property rights of the parties (2) the amount of property owned and held by the husband and the source from which it came (3) the financial condition and income of the parties and the ability of the husband to earn money (4) whether the wife by her industry and economy has contributed to the accumulation of her husband's property and (5) the estate of the wife.

In light of all of this and the fact that the wife, though 60 years old, had a job at which she had a take-home pay of $50 to $60 per week and in light of the fact that the husband was 67 years of age, retired and living on Social Security plus some farm income, we come to the conclusion that the defendant-appellant's argument that the trial court abused its discretion in the award of the property to her is untenable.[1]

We next consider the second question of alleged error raised by the defendant-appellant which is that the decision of the court is contrary to law in that the amount allowed by the court as attorney fees is inadequate in view of the uncontroverted evidence submitted thereon. The appellant contended that the trial court abused its discretion in the amount of attorney fees allowed to the attorneys for appellant, gave evidence of a number of filing fees, the number of filings made and the fact that one of the attorneys had been employed from as far away as Danville, Indiana, and had driven a total of 623 miles in prosecuting and defending this defendant-appellant's claim. The defendant-appellant further shows that the appellee has only paid $200 attorney fees to the initial attorney plus final attorney fees of $925 and claims such sum to be inadequate.

It is also shown that the preliminary attorney fee of $200 was awarded to the defendant's first attorney, Taylor Hoffar,

1. This court, in the opinion, *Stigall* v. *Stigall,* handed down February 2, 1972, has given a much broader discussion on the matter of division of real estate by the entireties and allowance and payment of attorney fees to the wife's attorney.

who, with the court's permission, withdrew from the case. The record discloses that attorney Hoffar filed an answer and cross-complaint, verified petition for suit and support money and attorney fees and petition for temporary restraining order. He appeared in open court and conducted a hearing on the same and secured orders on each petition.

After Mr. Hoffar's withdrawal from the case Mr. John R. Dollens, attorney, appeared for the defendant-appellant and filed motion to withdraw the answer and cross-complaint. Mr. Dollens next filed a petition to withdraw from the case, which petition was sustained.

The record discloses next that Gordon R. Medlicott, attorney, appeared for defendant-appellant. Mr. Medlicott filed a petition to modify interlocutory order, which petition was heard and the ruling taken under advisement.

The record discloses that next John C. Mowrer, attorney, without entering any formal appearance for the defendant-appellant, filed a motion under the old Supreme Court Rule 1 (3) (A) to make more specific, to strike, to state facts to sustain conclusions alleged and also filed a motion for production of documents.

Later the court sustained the defendant's previous motion filed by attorney Dollens to withdraw the cross-complaint and overruled the defendant's previous motion to withdraw the answer. The court overruled Mr. Mowrer's motion under old Rule 1 (3) (A) and sustained the motion to produce documents.

The court had had defendant's petition to modify the interlocutory order under advisement and his next record modified the same and the court ordered plaintiff to pay the $100 support heretofore ordered immediately, plus an additional $100 support on or before March 4, 1969. The record further discloses two days of trial with a large number of witnesses being used, some of whom were used as to the value

of real estate as laymen and only one realtor who qualified as such, who was the witness of plaintiff-appellee.

The record discloses that thereafter attorney Medlicott filed a motion to correct errors with a memorandum affixed thereto and filed a petition for pauper appeal for defendant-appellant, which was denied by the trial court.

We, as lawyers, whether serving in the courts as practitioners, on the trial bench, or on this or our Supreme Court, have an obligation never to lose sight of what is just and reasonable. Some cases will stand much larger fees than others, depending upon the circumstances. We are of the opinion that what our Supreme Court has previously said in the case of *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 201 N. E. 2d 215, is entirely appropriate:

> "Finally, it is contended that the court abused its discretion as to the allowance of attorney fees, in that they were too small. It is true that expert testimony ■ before the court supported the fact of much larger attorney fees than those awarded. However, the reasonableness of attorney fees is always a matter regarding which the judge, being a lawyer, may take judicial notice. Therefore, this court will not disturb the trial court's award as to attorney fees unless there is a clear abuse of discretion. *Bitner* v. *Bitner* (1950), 228 Ind. 59, 91 N. E. 2d 169."

This court is not saying or intimating that attorneys should be required to work without pay, or be underpaid, and we do take judicial notice of the expense of maintaining a law office, but we do feel that a wife may not go out and try to bankrupt her husband simply because they have come to odds and are seeking a divorce. In this case there were four attorneys employed by or on behalf of defendant-appellant. Attorneys must take into consideration the number of attorneys employed and the amount of money that the husband has already paid to attorneys. In the case at bar though the attorneys believed the fee may have been less than was justified, it cannot clearly be said that it was an abuse of the court's

discretion to pay $925 to the last named attorneys instead of $1,950 as they requested. However, it is the opinion of this court that either of these four able attorneys by himself could have adequately handled this case and that there must have been at least some duplication of efforts. This court is of the further opinion that there are adequate and qualified attorneys in every community and that there was no necessity for the defendant-appellant to go from Jennings County to Danville, Indiana, to employ an attorney to prosecute and defend her cause; if she does so then she should pay any additional fees arising out of such employment, including travel expense and the employment of local counsel, if any is employed.

We therefore find that the decision of the court was not contrary to law in not allowing the attorney fees requested by the defendant-appellant's counsel and in our opinion that alleged error is without merit and is not contrary to law under the test of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669:

> "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Finding no error in the record of this cause, the trial court is hereby in all things affirmed.

Lybrook and Robertson, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 325.