JOAN M. WIDMER *v.* HARRY ELROY WIDMER.

[No. 472A168. Filed March 1, 1973. Rehearing denied April 10, 1973. Transfer denied August 16, 1973.]

*Thomas W. Munger,* of Lafayette, *William C. Burns, Schultz, Ewan & Burns,* of Lafayette, for appellant.

*Karl M. Jacobs,* of Fowler, *Andrew Jacobs, Sr.,* of Indianapolis, for appellee.

SULLIVAN, J.—The trial court granted a divorce to appellee-defendant Harry Leroy Widmer (husband) upon his counterclaim alleging cruel and inhuman treatment. Appellant-plaintiff Joan Widmer (wife) had filed a complaint for separation from bed and board, subsequently amended so as to constitute a complaint for absolute divorce. The trial court decree effected a property settlement. It is this facet of the decree which constitutes the principal issue of contention although the wife does contend that the trial court erred as a matter of law in granting the divorce to the husband.

In essence, the appellant is asking us to review the trial court's discretion. The oft repeated test upon which we must base a review of a trial court's decision is stated in *Mathews* v. *Mathews* (1972), 151 Ind. App. 70, 278 N.E.2d 325, 329:

> "Therefore, the exercise of a trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal."

We will consider the wife's allegations in this light.

## TRIAL COURT DID NOT ERR IN GRANTING DIVORCE TO HUSBAND

Both parties sought divorce and a divorce was granted. On the surface therefore, it appears logical to hold that the wife is estopped to assert error in the granting of the divorce since the relief requested by her was in fact granted.

We must judicially notice however, that a divorce granted

to the husband carries with it a necessary implication of fault if not immorality on the part of the wife. Thus, if it is the fact that she is without legal fault and if in addition, she has established grounds for divorce against the husband, she must be permitted to be heard upon this point at the appellate level. Accordingly, we consider her allegation in this regard.

The wife argues that the court erred in granting a divorce to her husband because of her religious belief. She correctly asserts that religious belief even if somewhat un- conventional is not a statutorily recognized ground for divorce. The following portion of the court's opinion, however, explicitly refutes her contention that the divorce was granted because she chose to exercise freely her religious belief:

> "Defendant's counsel alleged in the pleadings and contended in argument that plaintiff's change of religious faith during the course of the marriage, and her espousal of a faith which takes literally the teachings of the Bible, amounted in itself to cruel and inhuman treatment and constituted grounds for divorce. The Court does not agree with this contention, and the Court did not base its findings herein to any degree upon this theory. While it is unusual today for people to take their religion as seriously as the plaintiff does, it is certainly not illegal or immoral to do so."

The following evidence of record reflects the wife's conduct with respect to the marital relationship, as distinct from, though perhaps related to, her exercise of religious freedom:

1. She told her husband, who engaged in hog raising among other agricultural pursuits that hog raising was wrong; and by correspondence with a leader of her faith impliedly accused the husband of transgressions against the word of God.[1]
2. She disapproved of the use of herbicides.[2]
3. Against the husband's wishes and despite his assurance that he would defray the cost of their attendance at any

---

1. The marital relationship had from inception centered upon an agricultural existence including hog and crop farming.
2. See footnote #1.

accredited school, the wife insisted that first their son and later their daughter enroll at a non-accredited college.

4. She refused to allow the exchange of birthday presents among the members of the family.

5. She refused to allow the members of the family to exchange Christmas presents.

It is not within our judicial function to substitute our decision upon the evidence for that of that trial court. *Grote* v. *Grote* (1972), 151 Ind. App. 55, 277 N.E.2d 909, 910. The controlling rule is stated in *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 313, 253 N.E.2d 250 as follows:

"Consequently, where the evidence shows that both parties have committed marital offenses it shall be within the sound discretion of the trial court to determine whether a divorce should be granted. Where the divorce is contested, the court shall determine if a divorce should be granted and to which party."

We cannot say as a matter of law that the trial court erred in granting the divorce to the husband upon his counterclaim.

## TRIAL COURT DID NOT ERR IN THE ALLOCATION OF PROPERTY

As heretofore stated, the wife's primary source of irritation is the property settlement award which she considers legally inadequate. She argues that she was entitled to at least one-half of all such property. The only case she cites in support of her position, *Stultz* v. *Stultz* (1886), 107 Ind. 400, 8 N.E. 238, is inapplicable and undeserving of comment or distinguishment. As recently reiterated by the Third District in *Northup* v. *Northup* (1972), 154 Ind. App. 469, 290 N.E.2d 501, the following factors may be considered in determining the amount of property to be settled upon the respective parties to the divorce: 1) the existing

property rights of the parties; 2) the amount of property owned and held by the husband and the source from which it came; 3) the financial condition and income of the parties and the ability of the husband to earn money; 4) whether or not the wife, by her industry and economy, has contributed to the accumulation of the husband's property; and 5) the separate estate of the wife.

In *Stigall* v. *Stigall* (1972), 151 Ind. App. 26, 277 N.E.2d 802, the First District of this Court accurately noted:

> "This court has stated many times that in divorce cases the trial court has not only the power but the statutory duty to adjust and adjudicate the property rights of the parties involved. While the adjusting of property rights between the parties is the mandatory duty of the trial court, in so doing, it has broad discretionary powers, and the awarding of alimony is solely within the court's discretion." (277 N.E.2d 802, 810.)

We cannot as a matter of law say that a discrepancy representing an abuse of discretion has been shown. Such abuse is necessary to justify reversal. *Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N.E.2d 339. It does not exist in this case.

The judgment is affirmed.

Buchanan, P.J., concurs; Lowdermilk, J., concurs (participating by designation).