FRANK J. ZAGAJEWSKI v. FRANCES ISABELLE ZAGAJEWSKI.

[No. 2-173A8. Filed July 31, 1974. Rehearing denied September 5, 1974. Transfer denied January 28, 1975.]

*Richard M. Rhodes, Rhodes & Fern, of Peru,* for appellant.
*Herbert F. Small, Hanna, Small, Sabatini & Becker,* of

Logansport, *Alan H. Lobley, Charles J. Todd, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

WHITE, J.—Defendant-husband appeals from that part of a decree of divorce which awards nearly all of the property of the parties to the plaintiff-appellee-wife; orders her to pay him $1,626.55 concurrently with the execution of a commissioner's deed conveying his interest in the entireties real estate to her; and orders him to pay her attorney attorney's fees of $850.00 and the court costs.

Although the trial court somehow found it possible to be exact to the fraction of a dollar in determining what the wife should pay the husband, we find it impossible to discover in the transcript of the trial evidence the basis for any finding of fact as to net values which could produce that result, or anything approximating it. The evidence is simply not that exact, certain and precise. In fact it is quite the opposite: so vague, ambiguous, and incomplete that we cannot determine with any substantial degree of certainty whether appellant is correct in asserting that he was given only seven percent of the moneys and properties of the parties while the appellee-wife is given the remaining ninety-three per cent. However, the appellee has not directly disputed the accuracy of those percentages and we find them substantially correct. We also find that the evidence most favorable to the appellee discloses that all of the property and money involved was acquired during the twenty-five year marriage during which both husband and wife were employed substantially all of the time and earned over the whole time substantially the same total amount. The only significant exceptions to that statement being (1) that during the year 1952 (when the first child was born and when the wife went to California to be with the husband who had been recalled to active military duty during the Korean War), the wife had no income and (2) that since the husband became ill and disabled his income has shrunk to disability benefits paid by the Veterans'

Administration, the Social Security Administration, and *possibly* some employment related private insurance benefits.

The bulk of the mutual estate is the family residence in rural Cass County valued at $25,000.00, subject to a mortgage of $2,746.96, leaving a net value of $22,253.04. That property was acquired in 1948, and title is in the name of both husband and wife as tenants by the entireties. While the wife's testimony is that she made all the mortgage payments from her income as a school teacher, there is no evidence that appellant squandered or secreted his income during that time or that he spent it on anything except normal family expense. (The evidence as to family savings accumulated in an account in the husband's name and substantially depleted by withdrawals by the wife since he became ill is so vague, incomplete, and indefinite as to furnish no basis for any conclusion.) In short, it appears from the evidence most favorable to the wife that this entireties property, and the parties' equity in it, were acquired by substantially equal efforts and contributions of the parties.

The parties have two children, a daughter nineteen years old at trial date, and a son then fourteen years of age. The daughter was then living in Indianapolis where she had a part time job while attending Patricia Stevens finishing school. She owned and had possession of an automobile purchased with the proceeds of her own bank loan on which her mother was co-signer. The daughter was making the car-bank-loan payments but the mother testified that she anticipated that she (the mother) would have to pay the balance of the daughter's tuition, $1,490.00, and $392.00 board and room ($98.00 per month for four months). The court found that the daughter was not emancipated but that no order for her support should be made, nor was any order for her custody made.

Custody of the fourteen year old son was awarded to the appellee-wife and appellant-husband was ordered to pay or

cause to be paid to her the full Social Security Administration allowance for his support.

The appellee-wife, at time of trial, is in good health (except for taking tranquilizers for her nerves), fifty-three years of age, is an employed school teacher who earned over ten thousand dollars in the year preceding the trial. The appellant-husband, fifty-six years of age, is totally disabled (as to gainful employment), but is ambulatory, able to drive his automobile, and apparently able to care for himself. After the divorce he will draw two hundred sixty dollars per month in social security and veterans benefits, plus full medical and hospital expenses and $98.00 monthly for the son's support.

The divorce was granted on the ground that appellant-husband was guilty of cruel and inhuman treatment. There was no evidence of physical abuse or infidelity. As summarized by appellee, the husband's misconduct was that he

". . . constantly bickered and frequently embarrassed the wife in public and refused to accept any responsibility toward his children. Furthermore, the Defendant even ordered his daughter out of their home on at least two occasions. Although the Plaintiff refused to have intercourse with the Defendant, during the past three years, the record cannot support the conclusion that this constituted misconduct on the part of the Plaintiff. The testimony is conflicting as to the reasons for their inability to engage in normal marital relations, however, it is clear that the Defendant ordered the Plaintiff out of the bedroom. The Defendant should not expect a warm and receptive wife after abusing her through bickering and profane language. In spite of this conduct by the Defendant, the Plaintiff took care of the Defendant during his illness and stayed with him."

In *Shula* v. *Shula* (1956), 235 Ind. 210, 216, 132 N.E.2d 612, 615, the court rejected the proposition that an innocent and injured wife is entitled to be awarded all of the entireties property because she is entitled to be put into as good condition as she would be on her husband's death. That rule (see *Glick* v. *Glick* [1927], 86 Ind. App. 593, 596, 159 N.E.

33) the court said has no application to entireties property. While *Shula* did not expressly so hold, it strongly implied that, absent some reason for giving the wife more, a fair division of property would give each party the equivalent of one half the value of real estate they held by the entireties. In *Shula* the court reversed a decree in which the wife was awarded $25,000.00 in property and cash and the husband was given $14,000.00. (Of the total $39,000.00 in property and cash, approximately $20,500.00 was the net value of the entireties real estate.) That division was less disparate than at bar but the record on which it was based gave the court the same problem we face here:

> "We are not able to determine upon what factual foundation or rule of law the above decree is based. Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. The primary factor in fixing the alimony is the existing property of the parties. However, other facts which the court may consider are the source of the property, the income of the parties and the nature of the abuse inflicted upon the wife,—particularly if that abuse affected the earning capacity of the wife and would have been the basis for an action in damages except for the fact of the marriage." (Id., 235 Ind. at 214.)

Here, however, the appellee-wife does not attempt to justify her award on the contention that she would have become the sole owner of the entireties property, had appellant died. Here, appellee attempts to justify the property award as "necessary for the comfort and well being of their minor children". She contends that the disposition of the property "balanced . . . in a perfectly rational manner" the competing interests of the income needs of (1) the minor children, (2) the disabled husband, and (3) the wife. *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434, is relied on to justify the decree as being in the best interests of the children under the

standards of *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N.E.2d 816.

It would serve no useful purpose to dissect and distinguish the *Dragoo* and *Ferguson* opinions. Suffice it to say that *Dragoo* does support the thesis that there is no abuse of discretion shown in the award of the real estate to the wife so that she might continue to provide a home for the fourteen year old son. (The twenty year old daughter was not at home at the time of trial, had not recently lived at home, and there was no evidence as to whether she would ever again reside at home.) But nothing in either *Dragoo* or *Ferguson* appears to justify the court's failure to make a compensating provision for the permanently disabled husband which bears a reasonable relationship to the past contributions of the parties and to their prospective earning capacity. *Ferguson* was reversed because the trial court abused its discretion in awarding the wife too much in alimony and attorney's fees. *Dragoo* was affirmed in spite of the wife's protest that her alimony award, the support order for the children, and the attorney fee award were all too low.

The appellee attempts to justify the small share of property given the husband on the ground of his misconduct and on the ground that the monthly payments and medical attention he will receive from the Veteran's Administration and the Social Security Administration are adequate for his needs since it is in excess of fifty percent of the amount he was making when he was working full time prior to his illness. These benefits, it would seem, are his just due by virtue of his military service and his payment of social security taxes over the years of his employment. Their value should be taken into account in determining what is a fair and equitable division of the property, but the fact that he can survive on those benefits alone does not appear to justify taking his equity in the entireties property for the benefit of his abled-bodied school teacher wife who can earn some three times that much for herself. In addition she gets ninety-eight dollars per month

social security for the dependent child and presumably has teacher's retirement benefits, or at least maximum social security benefits, due her when she is no longer able to maintain her present earning capacity.

Because the judgment on its face gives the appearance of an abuse of discretion which neither evidence nor argument dispels, the judgment as to the property must be reversed. *Languell* v. *Languell* (1968), 143 Ind. App. 24, 237 N.E.2d 587.

On remand, unless the parties can agree on the terms of a new judgment which meets the approval of the trial court, a new trial of the property issue should be held to provide the court with the currently relevant facts it needs to know in order to decree a fair and equitable division of the property. Counsel and court should give vigilant attention to making a record which will make clear to the court on appeal (if there is a second appeal), all the testimony, stipulations, and written instruments which constitute the evidence on which the court's findings and judgment are based.

The judgment granting plaintiff a divorce and providing for the custody and support of the minor son of the parties is affirmed. The judgment as it relates to and provides for a division and settlement of property and property rights of the parties is reversed. The cause is remanded with directions to the trial court to conduct such further proceedings and render such new judgment as may be consistent with the views expressed in this opinion.

Affirmed in part. Reversed in part. Remanded.

Buchanan, J., concurs with opinion; Sullivan, P.J., dissents with statement.

### Concurring Opinion

BUCHANAN, J.—I concur in Judge White's Opinion and only wish to stress the vitality of the appellate principle that judgments of trial courts should not be reversed unless an abuse of discretion is adequately demonstrated.

One of the most quoted, and helpful, definitions of abuse and discretion was written by Judge Shake in *McFarlan* v. *Fowler Bank City City Trust Company* (1938), 214 Ind. 10, 12 N.E.2d 752:

"An abuse of discretion is an erroneous conclusion and judgment, *one clearly against the logic and effect of the facts and circumstances before the court,* or the reasonable, probable, and actual deductions to be drawn therefrom." (emphasis supplied) *See also, DuFour* v. *DuFour* (1971), 149 Ind. App. 404, 273 N.E.2d 102 (Dissenting Opinion); *Shaw* v. *Shaw* (1973), [159] Ind. App. [33], 304 N.E.2d 536; *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N.E.2d. 816.

Also a trial court is admonished to render a decision affecting the property rights of the parties as "an exercise of official conscience, not arbitrarily, wilfully, or passionately exercised, but based upon the facts and circumstances of the particular case with regard to what is right and equitable under the applicable law and to the end of a just result." *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496 at 499, 267 N.E.2d 555. *See also, Buckner* v. *Buckner* (1958), 128 Ind. App. 654, 152 N.E.2d 97.

As Judge White ably indicates, there is no rational basis apparent in this record to sustain such a disproportionate division of property. *See, Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612.

Our holding is thus consistent with our understanding of what constitutes an abuse of discretion in cases involving a division of property or alimony. *Shula* v. *Shula, supra; Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 181 N.E.2d 639; *Ferguson* v. *Ferguson, supra; Temme* v. *Temme* (1937), 103 Ind. App. 569, 9 N.E.2d 111.

## DISSENTING STATEMENT

SULLIVAN, P.J.—I respectfully dissent from that portion of the majority opinion which reverses the trial court's determination as to property distribution. I am unable to agree that the evidence of record is so ambiguous, vague and inde-

cisive as to have prevented the court below from properly applying the standards set forth in cases exemplified by *Widmer* v. *Widmer* (1973, 155 Ind. App. 375, 292 N.E.2d 849; *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434 and *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N.E.2d 816. I am further unable to agree that in the light of those standards, the judgment constituted an abuse of discretion.

Though our subjective sense of equity and fairness may differ from that of the trial court, the law does not permit, under these circumstances, a substitution of our view of the evidence for that of the court below.

NOTE.—Reported at 314 N.E.2d 843.